73 N.J. Super. 507 (1962)
180 A.2d 336
CARMELLA M. JOHANNESEN, CLAIMANT-APPELLANT,
v.
STATE OF NEW JERSEY, DEPARTMENT OF LABOR AND INDUSTRY, DIVISION OF EMPLOYMENT SECURITY, BOARD OF REVIEW AND MARCAL PAPERS MILLS, INC., RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 2, 1962.
Decided April 13, 1962.
*508 Before Judges CONFORD, GAULKIN and KILKENNY.
Mr. Robert H. Bacon argued the cause for claimant-appellant (Messrs. Mandon & Schwartz, attorneys).
Mr. Edward A. Kaplan argued the cause for respondent, Board of Review, Division of Employment Security, Department of Labor and Industry, State of New Jersey.
The opinion of the court was delivered by CONFORD, S.J.A.D.
This is an appeal by a claimant of unemployment compensation benefits from a determination by the Board of Review restricting her entitlement to benefits to the period from July 23, 1960 to September 4, 1960, and not thereafter.
Claimant was employed by Marcalus Mfg. Co. in East Paterson until she left March 11, 1960 because of advanced pregnancy. According to the opinion by the Board of Review (and these facts are not contested on this appeal), she did not request a leave of absence nor discuss plans for returning at a subsequent date. After the birth of her child on July 8, 1960 claimant filed a claim for unemployment compensation benefits wherein she stated she was not working because there was no opening available. The employer had submitted information to the Division of Unemployment Compensation raising a question whether claimant might not be disentitled to benefits because of voluntary cessation of work without good cause. On *509 July 22, 1960 a deputy of the Division determined that claimant left her job with good cause and that since the filing of her claim she had been and was available for and seeking work, and therefore entitled to benefits.
On July 26, 1960 the employer appealed that ruling to the Appeal Tribunal. The matter was set down for hearing on December 12, 1960, but neither side appeared, and on December 16, 1960 the appeal was dismissed, subject to reopening if a request therefor was made within ten days, otherwise to be final. No such request was filed.
On May 12, 1961 claimant wrote to the Division complaining that she had not been paid benefits. An Appeal Tribunal examiner thereupon heard the case on the merits June 5, 1961. Although we are not furnished the transcript of that hearing, the findings of fact in the Appeal Tribunal, not contradicted on this appeal by claimant, establish that claimant in her quest for work insisted upon a minimum of $80 per week and had ignored advertisements for credit clerks (her previous position) at less than that figure or at locations which would require her to leave her home for work before 7:45 A.M. The tribunal ruled that claimant was entitled to a reasonable time to find a job within these "very serious restrictions," fixing the expiration date for that purpose as of August 4, 1960. The issue as to the justification for having left her job originally was held foreclosed in claimant's favor by reason of the employer's abandonment of, and the consequent dismissal of, its appeal. Benefits after August 4, 1960 were ruled out because of claimant's restrictions on her availability for work. An award for benefits was made, not to extend beyond August 4, 1960. On appeal of this decision to the Board of Review, the ruling was modified, but only to extend the "reasonable period" for seeking a position within the "restrictions" claimant was setting, to September 4, 1960, and the order extended the eligibility period to that date.
The sole issue raised on the present appeal, as stated in appellant's "Statement of Questions Involved," is whether, *510 under the statute, "when an Appeal Tribunal dismisses an appeal, is such order of dismissal conclusive on the question of claimant's entitlement to benefits while the appeal was pending?" The contention advanced is that the stated question should be answered in the affirmative. We disagree.
The argument is that both the Appeal Tribunal and the Board of Review were authorized to determine every aspect of, or deficiency in, the claimant's eligibility for benefits as of the date set for hearing of the appeal; and that, having dismissed the employer's appeal on December 16, 1960 without investigation or qualification, the Appeal Tribunal thereby automatically validated claimant's entitlement to benefits up to that date as against any substantive deficiency in her statutory qualifications, including the unreasonableness of her restrictions on the nature of the employment she was willing to accept in the interim.
It may be conceded that both of the appeal bodies in the Division have the power to, and in the interest of administrative efficiency ordinarily should, consider and determine each claim in all its aspects existing at the time of hearing. See N.J.S.A. 43:21-6(e) and (f); Ludwigsen v. N.J. Dept. of Labor & Industry, 12 N.J. 64, 70 (1953); Charles Headwear, Inc. v. Board of Review, 11 N.J. Super. 321 (App. Div. 1951). But this is not to say that a dismissal of an appeal by an employer for lack of prosecution is to be converted into a conclusive adjudication in favor of the claimant and against the fund not only of the ground of appeal raised by the employer (here, alleged voluntariness of leaving) but also of any question as to the affirmative satisfaction by the claimant in the meantime of all continuing statutory prerequisites for current entitlement to benefits. While the act must be given a liberal construction to subserve its beneficent social policy, it is equally important that it not be administered or construed in a manner dissipative of moneys not intended by the Legislature to be disbursed without satisfaction of specified prerequisites. See Krauss v. A. & M. Karagheusian, 13 *511 N.J. 447, 454, 455 (1953); Valenti v. Board of Review of U.C.C. of N.J., 4 N.J. 287, 290 (1950); Higgins v. Bd. of Review, 33 N.J. Super. 535, 537 (App. Div. 1955). For purposes of this appeal, claimant has in effect conceded her substantive disentitlement to benefits under the act as of subsequent to September 4, 1960. No argument to the contrary is set forth in her brief, nor has she filed a transcript of the testimony relative thereto. At the time of the dismissal of the employer's appeal in December 1960 no question had been raised, or considered by the Appeal Tribunal, concerning claimant's satisfaction of the statutory requisites since July. It would clearly subvert the statutory policy to allow the benefits claimed for the period subsequent to September 4, 1960 on the argument here advanced.
Judgment affirmed.