MICHAEL J. MALADY, APPELLANT, v. BOARD OF REVIEW,
DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT
OF LABOR AND INDUSTRY, STATE OF NEW JERSEY,
RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued December 20, 1976—Decided January 3, 1977.

Before Judges BISCHOFF, MORGAN and E. GAULKIN.

*Mr. Richard S. Semel* argued the cause for appellant (Bergen County Legal Services, attorneys).

*Mr. Jeffrey P. Blumstein,* Deputy Attorney General, argued the cause for respondent Board of Review, (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney; *Mr. Michael S. Bokar,* Deputy Attorney General, of counsel).

PER CURIAM. This is an appeal by claimant Michael J. Malady from a final decision of the Board of Review affirming a decision of the Appeal Tribunal which held claimant liable to repay the sum of $1,824 paid to him as unemployment benefits and, further, holding him disqualified for benefits from January 27, 1975 to May 25, 1975.

Claimant's employment with the Family Counseling Service was terminated on September 22, 1972, and he applied for unemployment benefits. He was paid the sum of $1,824 in benefits from October 8, 1972 to February 25, 1973, and from July 22, 1973 to August 5, 1973.

During the period he was being paid these benefits he had part-time employment and was making $45 a week. The Fraud Inspection Section of the Division of Unemployment and Disability Insurance, after investigation, issued a "Determination and Demand for Refund of Unemployment Benefits and Imposition of Penalty and Disqualification Because of Conflicting Wage" seeking repayment of the $1,824 because "these benefits were claimed and collected through false and fraudulent representation" and holding claimant disqualified for benefits for a prescribed period.

Claimant appealed to the Appeal Tribunal and at the hearing testified that he had made a full disclosure of his part-time employment to an individual in the local office where he filed his claim for benefits. Claimant also acknowledged endorsing the checks for unemployment benefits paid to him, each of which contained the certification that "I have been unemployed during the period represented by the check, and I am in all respects eligible therefore."

The Appeal Tribunal found claimant had obtained unemployment benefits as a result of false and fraudulent misrepresentations and that under *N. J. S. A.* 43:21–16(d) he was liable to refund the benefits paid and under *N. J. S. A.* 43:21–5(g) (1) he was disqualified for benefits for 17 weeks from the discovery of the fraud.

The Board of Review affirmed the determination of the Appeal Tribunal.

On this appeal claimant contends that with earnings of only $45 a week he would still be entitled to partial unemployment benefits and, accordingly, should not be liable to refund the full $1,824, but only the difference between what he was entitled to receive by way of partial benefits and the $1,824.

This argument is without merit. The statutory provisions and regulations promulgated thereunder make it clear that an unemployed individual is eligible to receive benefits for any week only if he has satisfied the reporting requirements prescribed by the Division, one of which is that he accurately report all wages earned during the period involved. *N. J. A. C.* 12:17–2.4(c). Additionally, *N. J. S. A.* 43:21–16(d) provides that whenever "any conditions for the receipt of benefits imposed by this chapter" are not fulfilled, the Division may direct a claimant to repay "a sum equal to the amount so received by him."

Public policy requires the protection of the unemployment compensation fund. The statute is clearly directed to that end and the decision of the Appeal Tribunal is fully sup-

ported by the record. *Kugel v. Board of Review*, 66 *N. J. Super.* 547 (App. Div. 1961); *Stauhs v. Board of Review*, 93 *N. J. Super.* 451, 455 (App. Div. 1967).

Claimant further contends that there was no factual basis for the hearing examiner's conclusion that claimant wilfully failed to disclose employment and earnings.

Our review of the record satisfies us that there was ample credible evidence presented to support the conclusions of the Appeal Tribunal and the Board of Review that claimant did wilfully fail to disclose employment and earnings. *Zielinski v. Board of Review*, 85 *N. J. Super.* 46, 54 (App. Div. 1964); *Morgan v. Board of Review*, 77 *N. J. Super.* 209, 213 (App. Div. 1962).

Claimant finally contends it was illegal for the Fraud Inspection Section to impose upon him a fine of $480. Without expressing any opinion on the propriety of that action, we note that the Appeal Tribunal did not impose any fines, finding specifically that "This Tribunal has no jurisdiction with respect to fines."

The Board of Review affirmed the decision of the Appeal Tribunal and that issue, accordingly, is not presented to us.

Affirmed.