MICHAEL J. MALADY, CLAIMANT-APPELLANT, v. BOARD OF REVIEW, DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, RESPONDENTS-RESPONDENTS, AND FAMILY COUNSELING SERVICES AND SOUTH BER-GEN MENTAL HEALTH CENTER.

Argued November 28, 1977—Decided May 8, 1978.

528

*Mr. Richard S. Semel* argued the cause for appellant.

*Mr. Michael S. Bokar,* Deputy Attorney General, argued the cause for respondents ,(*Mr. William F. Hyland,* Attorney General of New Jersey, attorney).

PER CURIAM. At issue is whether the claimant Michael Malady, who engaged in part-time employment while receiving full unemployment benefits, is liable under *N. J. S. A.* 43:21–16(d) to repay a sum equal to the entire amount so received. That amount was inclusive of the sum to which plaintiff was otherwise entitled as partial unemployment benefits pursuant to *N. J. S. A.* 43:21–3(b) had he reported his total earnings truthfully and accurately. The Appellate Division, in a *per curiam* opinion rendered January 3, 1977, found the claimant liable for this aggregate sum, 159 *N. J. Super.* 530. We affirm the Appellate Division's decision as to claimant's liability to refund the full amount of benefits received substantially for the reasons expressed in its opinion.

From July 1971 to October 1972 claimant was employed by Family Counseling Services and on a part-time basis by the South Bergen Mental Health Center. After being laid off by Family Counseling claimant continued to work part-time for South Bergen. Nevertheless, he filed a claim for full unemployment benefits at the local claims office and over the next year he received benefits totaling $1,824. Had the office been cognizant of claimant's part-time status, it would have still provided claimant with unemployment insurance, but at a reduced rate. *N. J. S. A.* 43:21–3(b).

Following the discovery that claimant had been working part-time while simultaneously receiving full unemployment benefits, the Division of Unemployment and Disability de-

termined that pursuant to *N. J. S. A.* 43:21–16(d) Malady was liable to refund the entire amount of benefits received and further sought the imposition of a fine pursuant to *N. J. S. A.* 43:21–16(a). Claimant thereafter took his case to the Appeal Tribunal. There, Malady maintained that he had informed the claims office of his part-time status. After some procedural developments not here relevant, the Appeal Tribunal nevertheless found, as a matter of fact, that Malady had fraudulently received unemployment benefits to which he was not entitled and concluded that he was therefore liable under *N. J. S. A.* 43:21–16(d) to refund the entire amount of benefits claimed and paid out during the weeks in question.

Claimant once again appealed, this time to the Board of Review. The Board simply affirmed without discussion the decision of the Appeal Tribunal. Claimant thereafter filed a notice of appeal to the Appellate Division, from whose decision this petition for certification was granted. 74 *N. J.* 248 (1977).

Claimant argues here, as he had before the Appellate Division, that *N. J. S. A.* 43:21–16(d)[1] mandated only a refund

---

[1] *N. J. S. A.* 43:21–16(d) reads in pertinent part:

(d) When it is determined by a representative or representatives designated by the Director of the Division of Employment Security of the Department of Labor and Industry of the State of New Jersey that any person, whether (i) by reason of the nondisclosure or misrepresentation by him or by another, of a material fact (whether or not such nondisclosure or misrepresentation was known or fraudulent), or (ii) for any other reason, has received any sum as benefits under this chapter (R. S. 43:21–1 et seq.) while any conditions for the receipt of benefits imposed by this chapter (R. S. 43:21–1 et seq.) were not fulfilled in his case, or while he was disqualified from receiving benefits, or while otherwise not entitled to receive such sum as benefits, such person shall be liable, if the director in his discretion directs recovery, either to have such sum deducted from any future benefits payable to him under this chapter (R. S. 43:21–1 et seq.) or to repay to the division for the unemployment compensation fund, a sum equal to the amount so received by him, and such sum shall be collectible in

of the amount of benefits to which he was not entitled, *i. e.*, the difference between what he actually received from the Division and the sum to which he was otherwise entitled under *N. J. S. A.* 43:21–3(b). In short, claimant maintains that § 16(d) was not intended to abrogate § 3.(b), the partial benefits provision. Permitting the Division to mandate a total forfeiture of his benefits, plaintiff argues, imposes upon him an additional penalty not specifically provided for in the statute and that where penalties are intended in the statute, *e. g.*, § 16(a), (b), and (c), they are made plain.

■ We find, as did the Appellate Division in this case, that claimant's arguments are without merit. The statute not only grants the director the discretion to determine the manner in which the improperly disbursed sums are collected (*e.g.*, "deducted from any future benefits" or "re[paid]" directly to the Division) but also authorizes him to demand that the claimant turn over "a sum equal to the amount so received by him." *N. J. S. A.* 43:21–16(d). The language is plain that the claimant can be made obligated to pay the "amount so received", in the instant case a total of $1,824. Thus, we believe that subsection (d), which is found in a provision entitled "Penalties", is intended by the Legislature to give the director the discretion to impose an additional penalty where the claimant purposely fails to make an accurate or truthful report of his income. That the other subsections of *N. J. S. A.* 43:21–16 also provide separately for some penalty, rather than indicating the contrary, is in fact strong evidence of subsection (d)'s own "penalty" potential. We affirm this portion of the judgment of the Appellate Division.

■ There is presented still a further issue that deals with the propriety and reviewability of a $480 fine imposed upon claimant by the Division of Employment and Disability

the manner provided in subsection (e) of section 43:21–14 of this chapter (R. S. 43:21–1 et seq.) for the collection of past-due contributions * * *.

Insurance, pursuant to *N. J. S. A.* 43:21–16(a). This section authorizes the Division to fine "[w]hoever makes a false statement or representation knowing it to be false or knowingly fails to disclose a material fact, to obtain or increase any benefit or other payment under this chapter * * *."

The Division did not notify claimant that it intended to impose any fine pursuant to this statutory provision. The fine itself was apparently determined arithmetically by multiplying the number of days benefits were improperly received by claimant by the per diem amount of the fine set forth in the statute. The first time claimant became aware that he was to be subjected to this additional statutory penalty was when he was served with the formal determination of the Division which included these calculations and the penalty assessment.

On the appeal to the Appeal Tribunal that body refused to review the validity of the fine imposed by the Division, asserting that it lacked appellate jurisdiction. The same thing occurred on claimant's further appeal to the Board of Review. When the matter reached the Appellate Division on appeal from the final determination of the Board of Review, the court declined to consider the merits of claimant's contentions concerning the validity of the fine, apparently believing that it had no jurisdiction to review this question, since it had not been adjudicated by the administrative tribunals.

This penalty, as noted, was imposed by the Division under *N. J. S. A.* 43:21–16(a). It can be collected either by an "action at law" or through the filing of a "certificate of debt" pursuant to *N. J. S. A.* 43:21–14(e). See *N. J. S. A.* 43:21–16(a). The Attorney General contends that neither the Appeal Tribunal nor the Board of Review has jurisdiction over such penalties and that the claimant can challenge the fine only if and when the Division brings an independent action for its enforcement.. Claimant argues, *inter alia,* that he should have been given notice prior to the hearing that

a fine could be imposed, that the hearing officer had no authority to impose the fine and that the administrative tribunals were empowered to review it.

While the Appeal Tribunal and the Board of Review may well have the appellate authority to adjudicate or review only claim disputes under *N. J. S. A.* 43:21–6(c), (d) or (e), and not the imposition of fines under *N. J. S. A.* 43: 21–16(a), see also *N. J. A. C.* 12:20–1.3(a), –2.2, –3.2(a), –4.1, we are troubled by the Attorney General's suggestion that defending in a separate and collateral action at law for the summary collection of the fine or independently attacking a certificate of debt constitutes claimant's only opportunity to challenge the validity of the fine and that the limitation of recourse to these concededly cumbersome and costly modes satisfied standards of administrative due process and fairness. Summary actions for the collection of penalties or fines ordinarily involve amounts theretofore adjudicated to be due. See, *e.g., N. J. S. A.* 2A:58–1 *et seq.* An aggrieved party is placed in an onerous and disadvantageous position if he is required to hold in abeyance any attack on the fine until such summary action is launched against him. Moreover, where the Division's own regulations refer to penalties, although perhaps in a different context, *N. J. A. C.* 12:16–10.1 *et seq.,* the claimant is provided with notice and a hearing *before* the imposition of the fine, *N. J. A. C.* 12:16–10.4(c), –10.5. The Director of the Division, not a hearing officer, decides the nature and scope of the penalty to be imposed, *N. J. A. C.* 12:16–10.6(a), and that determination is reviewed by the Commissioner of Labor and Industry. *N. J. A. C.* 12:16–10.7(a).

The Appellate Division declined to note, consider or resolve these issues. This was error and in this respect its judgment is reversed. We therefore remand the matter to the Appellate Division for a determination as to the Division's procedures for imposing and reviewing a *N. J. S. A.* 43:21–16(a) penalty and the validity of the imposition of

the fine under those procedures. The Appellate Division should in this context examine the administrative scheme and consider the question of the necessity for notice to inform the claimant that a fine under this statutory provision is to be imposed, the nature of the hearing on the penalty, and who is to impose and review the same. The Appellate Division might also explore the relationship between the administrative review of a section 16(d) penalty and an appeal from a section 16(a) fine, and whether both determinations, each of which originated in a single proceeding before the Division, should ultimately be consolidated and reviewed together by the appellate courts.

The decision to remand the matter on this phase of the case takes into account the post-appeal information furnished by the Attorney General that the Division is already in the process of revising its "Determination and Demand for Refund" form to make clear that its purpose is to give the claimant an opportunity to pay voluntarily the fine being sought by the Division prior to the initation of any judicial proceedings under N. J. S. A. 43:21–16(a). We cannot assess whether this development is relevant or significant and whether it may serve to alter the grounds of adjudication. The Appellate Division should also consider this facet of the case on the remand.

We affirm in part and reverse in part and remand to the Appellate Division for proceedings in accordance with this opinion. We do not retain jurisdiction.

*For affirmance in part, reversal in part and remandment*— Chief Justice HUGHES and Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER—7.

*Opposed*—None.