166 N.J. Super. 523 (1979)
400 A.2d 119
MICHAEL J. MALADY, APPELLANT,
v.
BOARD OF REVIEW, DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 26, 1979.
Decided March 23, 1979.
*525 Before Judges FRITZ, BISCHOFF and MORGAN.
*526 Mr. Richard S. Semel argued the cause for appellant (Bergen County Legal Services, attorney).
Mr. Michael S. Bokar, Deputy Attorney General, argued the cause for respondents (Mr. John J. Degnan, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by BISCHOFF, J.A.D.
In an earlier opinion concerning this appeal, 159 N.J. Super. 530 (App. Div. 1977), we held that the claimant Michael J. Malady, who was receiving full unemployment benefits while working part-time, was liable to refund the entire amount of the benefits received, even though he would have been entitled to receive partial unemployment benefits pursuant to N.J.S.A. 43:21-3(b) had he reported his earnings truthfully and accurately. At that time we declined to review the propriety of a $480 penalty imposed upon claimant by the Division of Employment Security, Department of Labor (now the Division of Unemployment and Temporary Disability Insurance of the Department of Labor) (hereafter Division), pursuant to N.J.S.A. 43:21-16(a) because we believed that issue was not properly before us.
The Supreme Court granted certification, 74 N.J. 248 (1977), and in an opinion reported at 76 N.J. 527 (1978) affirmed Malady's liability to refund the full amount of the unemployment benefits received for the reasons stated by us. That court held, however, that it was error for us to decline to consider issues relating to the imposition of the penalty pursuant to N.J.S.A. 43:21-16(a) and remanded the appeal for further consideration and "a determination as to the Division's procedures for imposing and reviewing a N.J.S.A. 43:21-16(a) penalty and the validity of the imposition of the fine under those procedures." Id. at 533. The remand included directions to answer specific questions posed by that court and discussed in detail later in this opinion.
*527 The record discloses the following sequence of events relating to the imposition of the N.J.S.A. 43:21-16(a) penalty.
On February 4, 1975 Malady received from the Division a form identified as #B-189D, entitled "Determination and Demand for Refund of Unemployment Benefits and Imposition of Penalty and Disqualification Because of Conflicting Wages." The form stated that Malady had been overpaid and was liable to refund $1,824 in unemployment compensation benefits he had received; that since these "benefits were claimed and collected through false and fraudulent representation," he was disqualified for benefits for 17 weeks. There followed on the form a notice of right to appeal to the Appeal Tribunal. Below the notice of the right to appeal, there appeared the following:
[B]ecause you collected the above payment to which you were not entitled, the Division, in accordance with the provisions of Section 16(a) of the Unemployment Compensation Law, imposes a fine of $480.00.
Malady was directed to pay a total of $2,304. He appealed to the Appeal Tribunal and, at the time of the hearing held on May 23, 1975, sought to question the penalty of $480. The hearing examiner refused to consider the penalty, explaining that the Appeal Tribunal did not have jurisdiction to review a 16(a) fine.
The Appeal Tribunal, in its first decision dated May 29, 1975, disposed of the penalty issue with the single statement: "The Appeal has no jurisdiction over fines." The Board of Review, on appeal to it, remanded the matter to the Appeal Tribunal for rehearing. The decision of the Appeal Tribunal following rehearing again disposed of the penalty issue with the one line: "This Tribunal has no jurisdiction with respect to the fine," and otherwise affirmed the prior determination. Claimant again appealed to the Board of Review and, though the propriety of the fine was placed in issue, no mention of it is made in the final decision of that *528 Board. When the matter came before us we likewise declined, without discussion, to consider that issue. The Supreme Court, in its remand of that issue to us, said:
* * * The Appellate Division should in this context examine the administrative scheme and consider the question of the necessity for notice to inform the claimant that a fine under this statutory provision is to be imposed, the nature of the hearing on the penalty, and who is to impose and review the same. The Appellate Division might also explore the relationship between the administrative review of a section 16(d) penalty and an appeal from a section 16(a) fine, and whether both determinations, each of which originated in a single proceeding before the Division, should ultimately be consolidated and reviewed together by the appellate courts.
The decision to remand the matter on this phase of the case takes into account the post-appeal information furnished by the Attorney General that the Division is already in the process of revising its "Determination and Demand for Refund" form to make clear that its purpose is to give the claimant an opportunity to pay voluntarily the fine being sought by the Division prior to the initiation of any judicial proceedings under N.J.S.A. 43:21-16(a). We cannot assess whether this development is relevant or significant and whether it may serve to alter grounds for adjudication. The Appellate Division should also consider this facet of the case on the remand. [76 N.J. at 534]
This directive requires us to review the procedure followed by the Division in imposing the penalty to see if present-day concepts of procedural due process are being afforded claimants. The basic requirements of procedural due process are:
(1) Adequate notice;
(2) Opportunity for a fair hearing, and
(3) The availability of ultimate review.
In re Suspension of Heller, 73 N.J. 292, 310 (1977); Jackson v. Concord Co., 54 N.J. 113, 126 (1969); Reid v. Labor and Industry Dep't, 164 N.J. Super. 350 (App. Div. 1978); Administrative Procedure Act, N.J.S.A. 52:14B-9.
N.J.S.A. 43:21-16(a) provides:
* * * Whoever makes a false statement or representation knowing it to be false or knowingly fails to disclose a material fact to *529 obtain or increase any benefit or other payment under this chapter (R.S. 43:21-1 et seq.) * * * shall be liable to a fine of $20.00 for each offense, to be recovered in an action at law in the name of the Division of Employment Security of the Department of Labor and Industry of the State of New Jersey or as provided in subsection (e) of section 43:21-14, said fine when recovered to be paid to the unemployment compensation auxiliary fund for the use of said fund; and each such false statement or representation or failure to disclose a material fact shall constitute a separate offense. Any penalties imposed by this subsection shall be in addition to those otherwise prescribed in this chapter (R.S. 43:21-1 et seq.).
While the statute requires a culpable mens rea as a condition to the imposition of the penalties authorized, it is primarily civil in nature.
We have previously said, in State v. Drake, 79 N.J. Super. 458 (App. Div. 1963), in referring to this statute:
* * * Although employing the terms "fine" and "offense" which have a criminal connotation, * * * the clear intent of this statute is to provide a civil remedy. Defendant's responsibility under the statute is described in terms of liability. The fine imposed for making a false statement is "to be recovered in an action at law in the name of the Division of Employment Security." The money collected is to be paid specifically to the Unemployment Compensation Auxiliary Fund. The term "penalty" is also used in N.J.S.A. 43:21-16(a) to describe the remedy; and in [Sawran v. Lennon, 19 N.J. 606 (1955)], the court expressly stated that an action for a penalty is neither criminal nor quasi-criminal in nature, but civil. [at 461]
The sanction authorized by N.J.S.A. 43:21-16(a) is correctly characterized as a civil penalty. It is clear that an administrative agency may properly award "as incidental relief in connection with a subject delegable to it, money damages * * *." Jackson v. Concord Co., supra at 126; In re Suspension of Heller, supra; Atlas Roofing v. OSHA, 430 U.S. 442, 450-55, 97 S.Ct. 1261, 51 L.Ed.2d 464 (1977); Helvering v. Mitchell, 303 U.S. 391, 399, 58 S.Ct. 630, 82 L.Ed. 917 (1937); City of Waukegan v. Pollution Control Bd., 57 Ill.2d 170, 311 N.E.2d 146 (Sup. Ct. 1974); Davis, Administrative Law of the Seventies, § 2.13 at 36.

*530 Notice

The Supreme Court found as a fact that Malady did not receive notice that the Division intended to impose a fine pursuant to the statute. 76 N.J. at 532. The Attorney General concedes that this is so but argues that since Malady knew the fine had been imposed at the time of his de novo hearing before the Appeal Tribunal and was represented by counsel, the procedural due process requirement of notice was adequately fulfilled.
There are cases which hold due process does not require advance notice of administrative action in the assessment of a tax, fine or penalty so long as the person assessed, fined or penalized is afforded the opportunity, after due notice, to present all available defenses to a competent tribunal before the penalty or fine is collected or the command of the State to pay becomes inevitable. Nickey v. Mississippi, 292 U.S. 393, 396, 54 S.Ct. 743, 78 L.Ed. 1323 (1934); Horsman Dolls, Inc. v. Unemployment Compensation Comm'n, 7 N.J. 541, 550-51 (1951), app. dism. 342 U.S. 890, 72 S.Ct. 201, 96 L.Ed. 667 (1951); Lopez v. N.J. Bell Tel. Co., 51 N.J. 362 (1968); N.J. Zinc Co. v. Board of Review, 25 N.J. 235, 239 (1957); 1 Davis, Administrative Law Treatise, § 7.10 at 448, 450 (1958).
Assuming this rule conforms to present-day procedural due process concepts, Malady contends that nevertheless he received no administrative or judicial review of the facts upon which the original administrative body based imposition of the penalty. Malady specifically points to the fact that the fine was imposed by the Division before he had any notice of its intention to do so. At the first hearing before the Appeal Tribunal, when counsel attempted to challenge the penalty, he was cut off by the examiner and told that the penalty did not come under his jurisdiction. This same statement appears in both opinions of the Appeal Tribunal.
The Division contends that what was said by the Appeal Tribunal was simply a poor choice of language, and what *531 the Appeal Tribunal meant was it had no jurisdiction over the amount of the fine to be imposed, which is mandatorily set by N.J.S.A. 43:21-16(a) at $20 for each offense.
The Supreme Court, however, did not interpret the record in that manner. It said "[o]n the appeal to the Appeal Tribunal that body refused to review the validity of the fine imposed by the Division asserting that it lacked appellate jurisdiction." Malady, supra, 159 N.J. Super. at 532 (emphasis supplied).
We reach the same conclusion. We are satisfied from our review of this record that Malady did not receive prior notice of the intention of the Division to impose a penalty, nor was he afforded an opportunity to be heard with respect to the validity of its imposition at any time during the ad-administrative process. It follows that for this reason alone Malady was denied procedural due process and the penalty of $480 imposed upon him must be vacated. This action is without prejudice to the right of the Division to reinstitute in proper fashion proceedings under § 16(a).
The Supreme Court has also directed us to consider "post-appeal information" concerning the revision of the Division "Determination and Demand for Refund" form. Malady, supra at 534. We ordinarily would not consider post-appeal changes in form or procedure where no viable justiciable issue is presented by the change. However, we have been directed to do so and we have done so.
At the time Malady's claim was under investigation and proceeding through administrative channels, it was the practice of the Fraud Inspection Section of the Division to initiate proceedings by sending claimant a form letter requesting attendance at a factfinding interview. That letter, in pertinent part, provided:
As a result of an investigation of your Unemployment Insurance claim, evidence has been received that you may have been employed during the period(s) * * * for which you received unemployment benefits. Therefore, You are hereby requested to report for a fact finding interview to the Unemployment Insurance Claims Office * * *.
*532 It is clear that, among other deficiencies, this notice failed to conform to the requirements of the New Jersey Administrative Procedure Act, N.J.S.A. 52:14B-9(b), in that it did not state the legal authority and jurisdiction under which the hearing was to be held, nor did it refer to the particular section of the applicable statute or provide a statement of the issues involved. We also observe that it did not caution the recipient as to the sanction which might result. Reid v. Labor and Industry Dep't, supra.
The form of the notice has since been revised and it now reads:

* * *
As a result of an investigation of your Unemployment Insurance claim, evidence has been received that you may have been employed at some time between ____ and ____ for which you received unemployment benefits. Accordingly, you may be subject to refund, disqualification, fines and/or prosecution pursuant to N.J.S.A. 43:21-5(g) and 43:21-16 (see reverse for extract of these statutes). You are required to report for a hearing * * *.
On the reverse side are extracts of pertinent statutes, including N.J.S.A. 43:21-16(a). The notice also tells the claimant he has the right to counsel and the right to present witnesses and evidence on his behalf.
In addition to a revision of this notice a "procedure for wage benefits conflicts" has been established by the adoption of N.J.A.C. 12:17-9.1 et seq. (effective May 28, 1975). Assuming this revised notice is given to a claimant and the procedure established by N.J.A.C. 12:17-9.1 et seq. is followed, we conclude that facially at least the due process requirements of notice will have been satisfied.

Hearing and Review
The administrative procedure for the recovery of benefits improperly received pursuant to N.J.S.A. 43:21-16(d) and provisions for administrative review of action taken in that regard are well defined. They commence with an informal *533 hearing in the Division after notice to the recipient of the benefits. This hearing is conducted in the local office by the deputy of the Division, and the recipient has the right to present evidence in his behalf. N.J.A.C. 12:17-9.1 et seq. Administrative review of the determination of the deputy is provided by a "fair hearing" in the Appeal Tribunal. N.J.S.A. 43:21-6(c). Further administrative review is provided by way of appeal to the Board of Review, where the matter may be determined on the basis of evidence previously submitted or, at the Board's directive, on additional testimony. N.J.S.A. 43:21-6(e). Judicial review of the final determination of the Board of Review is by direct appeal to the Appellate Division. R. 2:2-3(a)2.
The procedure for administrative and judicial review after imposition of a 16(a) penalty is not as well defined. The imposition of a 16(a) penalty commences, as with the recovery of benefits under 16(d), with notice to the recipient of a hearing before a deputy in the local office of the Division. Where both a 16(a) penalty and a 16(d) refund are sought, the hearings are conducted at the same time. From that point forward, the procedure for obtaining administrative and judicial review of a 16(a) liability is somewhat obscured by the following:
(A) N.J.S.A. 43:21-6(d) specifically provides for administrative review of "determinations with respect to demands for refunds of benefits under" N.J.S.A. 43:21-16(d) but is silent respecting review of 16(a) penalties;
(B) The record herein contains statements emanating from Appeal Tribunal personnel professing to lack jurisdiction over 16(a) fines and penalties, and
(C) The Attorney General here and now argues that the statements of the Appeal Tribunal personnel mentioned above relate to lack of jurisdiction to alter the statutory amount of the fine, contending that the Appeal Tribunal does have and does exercise jurisdiction over the validity of the fines. The Attorney General apparently espoused a different position *534 before the Supreme Court, provoking the following comment from that court:
* * * [W]e are troubled by the Attorney General's suggestion that defending in a separate and collateral action at law for the summary collection of the fine or independently attacking a certificate of debt constitutes claimant's only opportunity to challenge the validity of the fine and that the limitation of recourse to these concededly cumbersome and costly modes satisfied standards of administrative due process and fairness. [Malady v. Board of Review, 76 N.J. at 533]
Section 16(a) penalties are assessed after an administrative determination that payment of the benefits was based upon either a false statement or representation knowingly made or a knowing failure to disclose a material fact. On the other hand, a demand for refund of benefits under 16(d) may be predicated upon a nondisclosure or misrepresentation, "whether or not such nondisclosure was known or fraudulent."
We note that while there is no express statutory inclusion of 16(a) penalties in the established administrative review procedures, there is no express exclusion of 16(a) penalties from that procedure.
The alternative to providing an administrative review of a 16(a) penalty within the Appeal Tribunal and Board of Review would be to require direct judicial review in this court. R. 2:2-3(a)2. Cf. Jackson v. Concord Co., supra; Pascucci v. Vagott, 71 N.J. 40, 53 (1976).
We see no statutory or commonsense reason why administrative and judicial review in both instances should not follow the same procedural path. That is particularly true in this case, where the Appeal Tribunal found Malady had collected benefits "through false and fraudulent misrepresentation." That is precisely the basis for the imposition of a 16(a) penalty.
In speaking of the Appeal Tribunal and the Board of Review, we have held that "both of the appeal bodies in the *535 Division have the power to, and in the interest of administrative efficiency ordinarily should, consider and determine each claim in all its aspects existing at the time of the hearing." Johannesen v. Labor and Industry Dep't, 73 N.J. Super. 507, 510 (App. Div. 1962). As contrasted with their assessment, we recognize that 16(a) penalties may only be recovered in an action at law or by filing a certificate of debt pursuant to N.J.S.A. 43:21-14(e), and that a claimant may interpose certain defenses in such actions. However, those defenses can only be asserted if and when attempts at recovery of the penalties assessed are instituted. Wholly apart from collection attempts, a claimant is entitled to both administrative and ultimate judicial review of the administrative determination that he is liable to the fine imposed in a 16(a) proceeding.
Additionally, we discern no compelling reason to fragment the administrative and judicial review of fines imposed for unemployment fraud (16(a)) from the corollary determination that benefits improperly obtained should be repaid (16(d)). We reject the suggestion that the absence of a statute requiring one administrative hearing should result in bifurcated review proceedings. We, therefore, hold that the Appeal Tribunal and the Board of Review have the jurisdiction and the power to review administrative determinations concerning the determination of liability for 16(a) penalties. When the Appeal Tribunal or the Board of Review review a determination involving a 16(a) penalty, either alone or in conjunction with a review concerning a refund of benefits (16(d)) arising out of the same general facts, the Appeal Tribunal and the Board of Review, as the case may be, can and should examine and determine the 16(a) claim along with the 16(d) claim in all those aspects existing at the time of the hearing.
Lastly, we consider the direction of the Supreme Court that we express our views on the identity of the person to impose the 16(a) penalty. We indicated above that there is no constitutional impediment to the imposition of penalties *536 by an administrative body. N.J.A.C. 12:17-9.1 et seq. provides that the initial hearing shall be held at the local unemployment claims office by a deputy, reserving any determination respecting the institution of criminal prosecution for the director. Bearing in mind the available review procedures we here establish, we see no objection to this procedure on due process grounds or otherwise.
The imposition of the penalty of $480 upon Malady, pursuant to N.J.S.A. 43:21-16(a), is hereby vacated.