THOMAS S. AGRESTA, APPELLANT, v. BOARD OF REVIEW, NEW JERSEY DEPARTMENT OF LABOR, AND 3M COMPANY, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted February 7, 1989—Decided April 5, 1989.

Before Judges PRESSLER, O'BRIEN and STERN.

Appellant filed a *pro se* letter brief.

*Donald R. Belsole,* Acting Attorney General of New Jersey, attorney for respondent Board of Review (*James J. Ciancia,* Assistant Attorney General, of counsel; *Roseann A. Finn,* Deputy Attorney General, on the brief).

Respondent 3M Company did not file a brief.

The opinion of the court was delivered by

O'BRIEN, J.A.D.

Thomas S. Agresta (claimant) appeals from a decision of the Board of Review affirming a decision of the Appeal Tribunal. We reverse and remand.

After 19 years of employment, claimant lost his position as an engineer with 3M Company [1] due to a plant closing. Claimant began receiving unemployment benefits on April 27, 1986. He moved to New York State in May 1986 where he applied for and received out-of-state benefits. *See N.J.S.A.* 43:21–21. When his base unemployment benefits ended in November 1986, he applied for benefits as a Trade Readjustment Allowance

---

[1] By order of December 12, 1988, we ordered that no brief on behalf of 3M Company would be accepted for filing.

(TRA).[2]  Claimant was granted TRA benefits which he received from December 6, 1986 through April 25, 1987.

Since claimant was unable to find a full-time engineering position, he took courses and obtained a real estate license and accepted a position in December 1986 as a part-time real estate salesman on a commission only basis.  According to claimant, before beginning this part-time employment, he inquired as to how to handle this in relation to his unemployment benefits. First he inquired of the New York State Unemployment Office which referred him to the New Jersey office.  Plaintiff alleges he spoke to someone in the New Jersey office on the telephone and was advised that he should simply report that he was doing part-time real estate sales work and the amount of money he earned in that capacity, which he did.

In April 1987 claimant was told to submit a new claim which was ultimately rejected pursuant to *N.J.S.A.* 43:21-4(c) on the ground that he was unavailable for work because he was employed as a commissioned real estate salesman.  This determination by the deputy was originally mailed on July 7, 1987, but a corrected determination was mailed on July 8, 1987 changing the language from "a real estate agent" to "a commissioned real estate salesman."  Claimant does not deny receipt of this notice of determination, nor that he did not appeal from it.  At that time claimant concluded he would not appeal since he only had a couple of weeks of remaining eligibility.

The notice of determination had the following language stamped on it: "You are liable to repay all benefits received during the above period of ineligibility/disqualification."  The claimant notes this stamp was "smeared and poorly stamped."

---

[2]Pursuant to the Trade Act of 1974, 19 *U.S.C.A.* § 2101 *et seq.*, TRA benefits are provided for workers who are displaced by import competition.  According to 19 *U.S.C.A.* § 2294, disqualifications of the State Unemployment Law applied to TRA benefits.

Thereafter claimant received a "request for refund of unemployment or disability benefits" mailed on September 14, 1987, seeking repayment of $4,494 for the period December 6, 1986 to April 25, 1987. On the reverse side is shown a schedule of overpayments, noting that claimant did not earn any wages during the period in question. This form contains the following language:

7. ANY APPEAL FROM THIS REQUEST MUST BE IN WRITING AND MUST BE RECEIVED OR POSTMARKED WITHIN TEN DAYS FROM THE DATE OF MAILING OF THIS NOTICE. THIS MAY BE DONE IN PERSON AT THE UNEMPLOYMENT INSURANCE CLAIMS OFFICE NEAREST YOUR RESIDENCE, OR BY MAIL TO THE ABOVE ADDRESS, ATTENTION APPEAL TRIBUNAL. PLEASE KEEP THE ENVELOPE IN WHICH THIS DETERMINATION WAS RECEIVED AND BRING BOTH WITH YOU TO ANY HEARING RESULTING FROM SUCH APPEAL. IF YOU DO NOT APPEAL WITHIN TEN DAYS, THE DETERMINATION REQUEST FOR REFUND COVERED BY THIS NOTICE WILL BECOME FINAL.

On September 24, 1987, plaintiff appealed by letter in which he noted he was told simply to report the information that he was working as a part-time "commission only" real estate sales agent, and that he "started as a part-time 'commission only' sales agent." He reported every two weeks that he received no income because he made no real estate sales. In his letter claimant asked:

Since I reported on the forms as required and not once was told this would make me ineligibile—why are you requesting repayment now?

If I had known this was not acceptable I probably would have altered my course of action—it was through your Department's inefficiency that I was led astray—In any event—

—I have *no resources* to pay this back.

—I have a total of *ten* dependents to support.

—My income now is just barely enough to feed my family—

Claimant also sought the names of all persons who had approved the payments during this period, noting that they were as much at fault as he for the supposed overpayment.

A telephone hearing was conducted on January 28, 1988 by Appeals Examiner Olga Hawley who also signed the decision for the Appeal Tribunal. In that decision the Appeal Tribunal finds as facts that claimant appealed on September 24, 1987

from a determination of the deputy mailed on July 7, 1987. It also notes that the claimant appealed on September 24, 1987 from a request for refund from the director mailed on September 14, 1987. Reference is made to the stamp on the deputy's decision mailed on July 7, 1987 that, "You are liable to repay all benefits received during the above period of ineligibility/disqualification" and that claimant did not appeal.

Since the deputy's decision became final on July 17, 1987, the Appeal Tribunal concluded it did not have jurisdiction to review the issue of claimant's availability as of November 30, 1986 on its merits. It further concluded that the request for refund was "properly set up as a result of the determination mailed on July 7, 1987" and that the determination of the director would not be disturbed. It thus concluded claimant is liable to refund $4,494 received as benefits for the weeks ending December 6, 1986 through April 25, 1987, in accordance with *N.J.S.A.* 43:21–16(d) and *N.J.A.C.* 12:17–10.2, unless the director directs otherwise by regulation.

The claimant filed a timely appeal to the Board of Review which concluded in affirming the decision of the Appeal Tribunal:

> Since the appellant was given a full and impartial hearing and a complete opportunity to offer any and all evidence, there is no valid ground for a further hearing.

Claimant has appealed to this court and we now reverse and remand.

In its brief the Board of Review relies upon our decision in *Lowden v. Board of Review,* 78 *N.J.Super.* 467 (App.Div.1963), in which we held we did not have jurisdiction to review a claimant's appeal because he did not comply with the statutory time period for appeal set forth in *N.J.S.A.* 43:21–6(b)(1), which provides in pertinent part:

> Unless the claimant or any interested party, within seven calendar days after delivery of notification of an initial determination or within 10 calendar days after such notification was mailed to his or their last-known address and addresses, files an appeal from such decision, such decision shall be final and benefits shall be paid or denied in accordance therewith, except for such

determinations as may be altered in benefit amounts or duration as provided in this paragraph.

The claimant in this case did not appeal within the allotted time, as a result of which the deputy's decision became final. However, claimant did file a timely appeal from the request for refund.[3]

The decision from which claimant has appealed is not the determination of his ineligibility, but rather the request for refund from which he filed a timely appeal. The refund was requested in accordance with *N.J.S.A.* 43:21–16(d), which provides in pertinent part:

> When it is determined by a representative or representatives designated by the Director of the Division of Unemployment and Temporary Disability Insurance of the Department of Labor of the State of New Jersey that any person, whether (i) by reason of the nondisclosure or misrepresentation by him or by another of a material fact (whether or not such nondisclosure or misrepresentation was known or fraudulent), or (ii) for any other reason, has received any sum as benefits under this chapter (*R.S.* 43:21–1 *et seq.*) while any conditions for the receipt of benefits imposed by this chapter (*R.S.* 43:21–1 *et seq.*) were not fulfilled in his case, or while he was disqualified from receiving benefits, or while otherwise not entitled to receive such sum as benefits, such person, unless the Director (with the concurrence of the Controller) directs otherwise by regulation, shall be liable to repay those benefits in full.

It does not appear that claimant was notified prior to the deputy's decision that a determination would be made of his liability to refund benefits received. In fact, the decision of the deputy does not order such a refund but simply contains the stamp, "You are liable to repay all benefits received during the above period of ineligibility/disqualification." Without any further notice or any hearing, claimant received the request for refund from which he promptly appealed.

Claimant contends he notified the commission every two weeks that he was employed part-time as a commissioned real estate salesman but that he had received no money since he

---

[3]According to claimant, he became aware that a certificate of debt had been filed with the Clerk of the Superior Court when his application for an auto loan was rejected because of this "judgment." On this appeal he also seeks vacation of the certificate of debt.

made no sales and his benefits were approved.  In his letter of appeal he sought the names of those persons who approved the periodic payments to him with full knowledge of those circumstances.  While it is true that claimant does, in effect, attack the decision of the deputy finding him ineligible, as found by the Appeal Tribunal, it also attacks the request for refund upon which claimant has never had a hearing.  *See Reid v. Department of Labor & Industry*, 164 *N.J.Super.* 350 (App.Div.1978) (where we held that a claimant should not have been exposed to liability for a refund without express prehearing notice that this liability was to be considered at the hearing).

The administrative procedure for the recovery of benefits improperly received pursuant to *N.J.S.A.* 43:21–16(d), and provisions for administrative review of action taken in that regard are well defined.  They commence with an informal hearing in the division, after notice to the recipient of the benefits.  This hearing is conducted in the local office by the deputy of the division, and the recipient has the right to present evidence in his behalf.  *N.J.A.C.* 12:17–9.1 *et seq.; Malady v. Bd. of Review, Div. of Emp. Security*, 166 *N.J.Super.* 523, 533 (App.Div. 1979).[4]  *N.J.S.A.* 43:21–6(d) specifically provides for administrative review of "determinations with respect to demands for refund of benefits."

According to the administrative regulations, a demand for refund of unemployment benefits will be issued in each case when a determination of overpayment is made.  *N.J.A.C.* 12:17–10.1.  That did not occur in this case since the original determination by the deputy of claimant's ineligibility does not appear to have been preceded by a notice to claimant that he was exposed to liability for a refund.  On this appeal, the Board of Review argues that the illegible stamp on the deputy's decision

---

[4]An earlier decision in this case, *Malady v. Bd. of Review, Div. of Emp. Sec.*, 159 *N.J.Super.* 530 (App.Div.1977), was remanded to the Appellate Division by the Supreme Court at 76 *N.J.* 527 (1978), and the cited case is the decision on remand.

is that notice. However, the language of that stamp appears on the deputy's decision and simply is notice of claimant's *liability* for a refund, not an order for refund. It was not until the request for refund dated September 14, 1987, without a hearing, from which claimant filed a timely appeal, that the determination for refund was made.

The basic requirements of procedural due process are, (1) adequate notice; (2) opportunity for a fair hearing, and (3) the availability of ultimate review. *Malady,* 166 *N.J.Super.* at 528. Here, the claimant received neither adequate notice nor an opportunity for a fair hearing as to his liability for repayment of the benefits received.

Accordingly, the matter is remanded to the Appeal Tribunal for a fair hearing, pursuant to *N.J.S.A.* 43:21–6(d), from the demand for refund. We recognize such a hearing may entail ultimate review of the deputy's original determination of claimant's disqualification, as that relates to his liability to refund moneys received, in view of claimant's contention that he reported his part-time employment as a real estate salesman and received no income from that employment. He claims he was not disqualified. However, we do not perceive this as in any way permitting review of the deputy's decision after the time for appeal has expired. In our view, two issues were presented. The setting in which the issue arose was claimant's application for continued benefits, which were denied since the deputy found him disqualified under *N.J.S.A.* 43:21–4(c). Claimant did not appeal from this determination since he only had a limited number of additional eligible weeks. He received absolutely no notice that he would be ordered to refund the benefits that he had received from December 6, 1986 up until the time of his reapplication. The remand hearing which we order will be addressed to that issue but may peripherally require a redetermination of the deputy's original decision of disqualification. Moreover, as claimant advised the Division of his work as a "commission only" sales agent prior to and during the period he received unemployment benefits, he seeks to challenge the

refund on equitable grounds, as opposed to challenging the determination of ineligibility.

Reversed and remanded for rehearing in accordance with this decision. We do not retain jurisdiction.