**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2055-24

SHANNON P. JOHNSON,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR AND
WORKFORCE DEVELOPMENT,
and AMAZING GRACE DENTAL,
LLC,

     Respondents.

_____

Submitted May 12, 2026 – Decided June 26, 2026

Before Judges Gilson and Vinci.

On appeal from the Board of Review, Division of Unemployment Insurance, Department of Labor and Workforce Development, Docket No. 355949.

Shannon P. Johnson, self-represented appellant.

Jennifer Davenport, Attorney General, attorney for respondent Board of Review (Christopher Weber,

Assistant Attorney General, of counsel; Rimma Razhba, Deputy Attorney General, on the brief).

PER CURIAM

Claimant Shannon Johnson worked as a dental assistant at Amazing Grace Dental, LLC (the employer) from March 6, 2023, into October 2023. On October 9, 2023, she was fired by her employer. She appeals from a final agency decision by the Board of Review (Board), which determined that she was disqualified from receiving benefits because she had been discharged for misconduct connected to her work. See N.J.S.A. 43:21-5(b). Discerning nothing inconsistent with the law, arbitrary, capricious, or unreasonable in the Board's decision, we affirm.

I.

The facts were developed at a hearing before an examiner of the Appeal Tribunal (the Tribunal). Two witnesses testified, claimant and Andrew Abelarin, a dentist with the employer.

Abelarin testified that after several months of work, he was not satisfied with claimant's performance and scheduled her to work when he was in the office. On October 9, 2023, claimant showed up to work when she was not scheduled to be at work. The office manager called Abelarin and told him claimant was in the office, and she was copying patient records. Abelarin then

called claimant and instructed her to leave but claimant refused. The police were called and claimant left after the police showed up and asked her to leave.

Abelarin also testified that he tried to call claimant to inform her that she had been fired but she never returned his call. He testified that claimant also sent him a text message threatening to report him to the dentistry board based on his treatment of certain patients.

In her testimony, claimant stated that she reported to work on October 9, 2023, because she believed she had been scheduled to be there. She acknowledged that Abelarin called her and instructed her to leave several times. She also acknowledged that she did not comply with Abelarin's instructions and only left the office after police officers arrived. Claimant claimed she was told that the police would be called so she called the police. Claimant denied copying patient files. Finally, claimant stated she was never expressly told that she was fired, but she did not return to work after October 9, 2023.

Claimant filed a claim for unemployment benefits. On November 2, 2023, a deputy of the Division of Unemployment Insurance sent claimant a notice informing her that she was disqualified from benefits from October 8, 2023 through November 18, 2023, on the grounds that she was discharged for

3

misconduct. Claimant administratively appealed, and a hearing was conducted before the Tribunal on February 23, 2024.

After hearing the testimony from claimant and Abelarin, the Tribunal determined that the "employer did not meet [its] burden of substantiating that the claimant was discharged due to misconduct connected with the work." In making that ruling, the Tribunal did not make credibility findings concerning the testimony of Abelarin or claimant.

The employer appealed the Tribunal's decision to the Board. In a final decision issued on January 24, 2025, the Board reversed the Tribunal's decision and found that claimant was disqualified from receiving benefits from October 8, 2023 through November 18, 2023, because she was discharged for misconduct connected to the work and was not eligible under N.J.S.A. 43:21-5(b). In making its determination, the Board conducted an independent review of the record developed before the Tribunal. The Board found that Abelarin had discharged claimant on October 9, 2023, after she would not leave the office when she was directed to do so several times and only left after the police arrived. The Board also found that Abelarin attempted to call claimant to inform her that she had been discharged but claimant did not return those calls. The Board then determined claimant's behavior was "clearly insubordinate" because

she was told to leave the office several times, she refused, and the police had to be called. Accordingly, the Board found that claimant's behavior met the definition of misconduct because she refused to comply with a reasonable directive from her employer and disregarded "the standards of behavior the employer had a right to expect."

Claimant now appeals from the Board's final agency decision disqualifying her from receiving unemployment benefits.

## II.

On appeal, claimant is representing herself and argues that the Board's decision should be reversed because it was arbitrary, capricious, and unsupported by substantial credible evidence. She also claims the decision was based on a misapplication of N.J.S.A. 43:21-5(b). We reject those arguments because they are not supported by the record or the law.

Our scope of review of agency determinations is limited. Seago v. Bd. of Trs., Tchrs.' Pension & Annuity Fund, 257 N.J. 381, 391 (2024) (quoting Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018)). A reviewing court will not reverse an agency decision unless it is "arbitrary, capricious, or unreasonable or . . . not supported by substantial credible evidence in the record as a whole." In re Ambroise, 258 N.J. 180, 197

5

(2024) (omission in original) (quoting In re Stallworth, 208 N.J. 182, 194 (2011)). We afford "[w]ide discretion . . . to administrative decisions because of an agency's specialized knowledge." In re Request to Modify Prison Sentences, 242 N.J. 357, 390 (2020).

The Unemployment Compensation Law (the Law), N.J.S.A. 43:21-1 to -71, governs unemployment compensation in New Jersey. Under the Law, a claimant is disqualified from receiving unemployment benefits "[f]or the week in which the individual has been suspended or discharged for misconduct connected with the work, and for the five weeks which immediately follow that week, as determined in each case." N.J.S.A. 43:21-5(b); see also N.J.A.C. 12:17-10.1(a) (setting forth the same standard of disqualification). "Misconduct" is defined as:

> [C]onduct which is improper, intentional, connected with the individual's work, within the individual's control, not a good faith error of judgment or discretion, and is either a deliberate refusal, without good cause, to comply with the employer's lawful and reasonable rules made known to the employee or a deliberate disregard of standards of behavior the employer has a reasonable right to expect, including reasonable safety standards and reasonable standards for a workplace free of drug and substance use.
>
> [N.J.S.A. 43:21-5(b); see also N.J.A.C. 12:17-2.1.]

In this matter, the Board found that claimant was discharged because her behavior was insubordinate and failed to comply with the standard of behavior the employer had a reasonable right to expect. After independently evaluating the testimony provided at the Tribunal hearing, the Board found that Abelarin had repeatedly instructed plaintiff to leave the workplace, she refused, the police had to be called, and claimant only left after the police arrived. Those factual findings are supported by the testimony in the record and meet the definition of misconduct set forth in the governing statute of N.J.S.A. 43:21-5(b).

In her appeal to us, plaintiff essentially disputes the Board's fact findings and contends that she is entitled to the findings made by the Tribunal. We do not review Tribunal decisions that have not been adopted by the Board. See, e.g., Heulitt v. Bd. of Rev., 300 N.J. Super. 407, 411-12 (App. Div. 1997) (explaining when an appeal Tribunal decision is appealed to the Board, that appeal "removes the claim in its entirety" and confers complete review powers with the Board) (quoting Charles Headwear, Inc. v. Bd. of Rev., 11 N.J. Super. 321, 328 (App. Div. 1951)); see also N.J.S.A. 43:21-6(c) (providing that a Tribunal decision is final only if there is no timely appeal to the Board and then the Tribunal decision is deemed to be a final decision by the Board). So, we review final agency decisions made by the Board. R. 2:2-3(a)(2).

A-2055-24

The Board has a right to conduct an independent review of the record and to reject findings made by the Tribunal so long as the Board's findings are supported by substantial credible evidence in the record. N.J.S.A. 43:21-6(e) (stating that the "board of review may on its own motion affirm, modify, or set aside any decision of an appeal tribunal"); see also N.J.S.A. 52:14B-10(c) (explaining that "[i]n rejecting or modifying any findings of fact, the agency head shall state with particularity the reasons for rejecting the findings and shall make new or modified findings supported by sufficient, competent, and credible evidence in the record").

We also reject claimant's argument that she was not accorded due process. The basic requirements of procedural due process in an unemployment benefit context include adequate notice, an opportunity for a fair hearing, the availability of administrative and appellate review, and notification of the sanction which might result. See Malady v. Bd. of Rev., 166 N.J. Super. 523, 528-32 (App. Div. 1979); see also Garzon v. Bd. of Rev., 370 N.J. Super. 1, 5 (App. Div. 2004) (analyzing these due process concerns and balancing the individual's and the government's interests relative to the procedures at issue). The record establishes that claimant was given notice of the deputy's decision,

she was afforded a hearing before the Tribunal, and she was accorded due consideration on the administrative appeal to the Board.

Claimant's due process argument is really a different version of her first argument; that is she simply disagrees with the findings made by the Board. While claimant has a right to her view, the record and law support the Board's final determination disqualifying her from benefits for five weeks.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

9                                                                        A-2055-24