ELLEN HOWARD, PLAINTIFF-APPELLANT, v. BOARD OF RE-
VIEW, DEPT. OF LABOR AND INDUSTRY, STATE OF NEW
JERSEY; DIRECTOR, DIVISION OF UNEMPLOYMENT AND
TEMPORARY DISABILITY INSURANCE OF THE DEPT. OF
LABOR AND INDUSTRY; AND BILTMORE LAUNDRY SER-
VICE, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued January 31, 1980—Decided April 1, 1980.

Before Judges FRITZ, KOLE and LANE.

*Madeline L. Houston,* of the Passaic County Legal Aid Society, argued the cause for appellant.

*Jerome A. Ballarotto,* Deputy Attorney General, argued the cause for respondent Board of Review (*John J. Degnan,* Attorney General of New Jersey, attorney; *Michael S. Bokar,* Deputy Attorney General, of counsel and on the brief).

The opinion of the court was delivered by

FRITZ, P. J. A. D.

Claimant appeals from an ultimately adverse determination of her claim for unemployment benefits. On the basis of "no evidence presented to refute [her] statement" of intolerable working conditions, the local claims office determined eligibility

at a weekly rate of $105 commencing June 6, 1978. These benefits were paid at least until the week ending August 24, 1978 and, according to the brief she has filed here, until the time of the decision of the Board of Review (Board) on December 5, 1978. Her employer appealed this decision and the Appeal Tribunal affirmed, after a hearing, holding that claimant was not disqualified from the payment of benefits. Again the employer appealed. The Board held hearings upon two days. It determined that claimant left work voluntarily without good cause attributable to such work and so was disqualified. Reversing the Appeal Tribunal, its decision concluded:

> The claimant is disqualified for benefits as of May 25, 1978 under R.S. 43:21–5(a).
>
> She is liable to refund all benefits paid during the period of disqualification.

In addition to appealing the determination of disqualification, claimant expressly challenges the "decision of the Board of Review that she is liable to refund all benefits received" on the ground that such a decision "is void because [it] was not based upon an exercise of discretion by the Director of the Division of Unemployment and Temporary Disability Insurance that a refund should be ordered as is required by *N.J.S.A.* § 43:21–16(d)."

■ We are satisfied that the determination by the Board that claimant is disqualified for unemployment benefits should not be disturbed. Although its findings are regrettably generalized and imprecise, it is apparent that the Board believed the alleged vulgar and abusive language to have been less offensive than asserted. The findings specifically refer to the denial under oath by the supervisor charged with the language. It is further obvious that the Board also believed claimant's tolerance for two years of whatever the condition was disproved its intolerability and reduced the objection to the nature of a personal complaint. These findings might reasonably have been

reached on sufficient credible evidence in the record and so control. *Mayflower Securities v. Bureau of Securities*, 64 *N.J.* 85, 92–93 (1973); *Parkview Village Ass'n v. Collingswood*, 62 *N.J.* 21, 34 (1972). The law is clearly established that a voluntary leaving for personal reasons does not constitute good cause attributable to the work and so results in disqualification for benefits. *White v. Board of Review*, 146 *N.J.Super.* 268 (App. Div.1977); *Stauhs v. Board of Review*, 93 *N.J.Super.* 451 (App. Div.1967). The determination of disqualification is affirmed.

We are persuaded, however, that claimant's challenge to the declaration of her liability for a refund is meritorious. The issue recently came to our attention in *Castellucci v. Board of Review*, 168 *N.J.Super.* 301 (App.Div.1979). There claimant asserted that the Appeal Tribunal could not direct the recovery of benefits "because such power was vested by statute exclusively with the Director of the Division of Employment Security." *Id.* at 308. For reasons there explicated we recognized the right of the Appeal Tribunal to order refunds manifested by its common and theretofore apparently unchallenged exercise of that right in the guise of a determination of liability for the refund. We held argument to the contrary to be "without merit" but remanded for findings regarding that exercise of administrative discretion. *Id.* at 309–310. We are now convinced that we were wrong in rejecting claimant's argument there.

In the matter before us the Board expressly eschews its and the Appeal Tribunal's "right to order refunds." It predicates this position upon *N.J.S.A.* 43:21–16(d):

When it is determined by a representative or representatives designated by the Director of the Division of Employment Security of the Department of Labor and Industry of the State of New Jersey that any person, whether (i) by reason of the nondisclosure or misrepresentation by him or by another, of a material fact (whether or not such nondisclosure or misrepresentation was known or fraudulent), or (ii) for any other reason, has received any sum as

benefits under this chapter (R.S. 43:21–1 et seq.) while any conditions for the receipt of benefits imposed by this chapter (R.S. 43:21–1 et seq.) were not fulfilled in his case, or while he was disqualified from receiving benefits, or while otherwise not entitled to receive such sum as benefits, *such person shall be liable, if the director in his discretion directs recovery,* either to have such sum deducted from any future benefits payable to him under this chapter (R.S. 43:21–1 et seq.) or to repay to the division for the unemployment compensation fund, a sum equal to the amount so received by him, and such sum shall be collectible in the manner provided in subsection (e) of section 43:21–14 of this chapter (R.S. 43:21–1 et seq.) for the collection of past-due contributions; . .. [Emphasis supplied]

The Board recognizes "this clear grant of authority to the Director" and denies ever having "in fact exercised the power—either in this case or any other." This arouses our curiosity as to why the Appeal Tribunal or the Board, in substantially every case where there has been a payment later deemed to have been wrongful for whatever cause, declares a "liability" for refund. That curiosity is not satisfied by the Board's response that this is "to inform [the claimant] that the agency—that is, the Director—may subsequently issue a refund demand." The Board's brief characterizes this as an alerting of the claimant.

The difficulty with the Board's position is found in the supplemental record in this case.[1] Whatever are the intentions of the

---

[1]We granted claimant's pre-argument and post-argument motions to supplement the record to demonstrate administrative activities occurring to her respecting her liability for refund.

Beyond this, claimant has included in the appendix to her brief a great deal of material not embraced by the statement of items comprising the record. The material is relevant to the manner of actual operation of the agency with respect to refund situations and so is interesting and helpful here. But inclusion in an appendix of material which was not in the record before the agency is highly improper and merits reprimand. If the material is thought useful, an express procedure provides for its consideration. *R.* 2:5–5(b). There is no justification for the unilateral and unauthorized approach used here. We in no wise condone it.

Board it is clear that its finding—"She is liable to refund the benefits paid thereafter during the period of disqualification."—not only arrives in claimant's mail surrounded with an aura of finality respecting the determination, but more improperly, triggers an automatic collection process far removed from a conscious exercise of discretion by anybody except the Board (or the Appeal Tribunal, as the case may be). The circumstances of the matter before us, dilemmatic to the Board's position, serve graphically to demonstrate and prove this. Claimant received the following letter from the Supervisor of the Bureau of Benefit Payment Control of the Division of Unemployment and Disability Insurance:

August 14, 1979

Ellen Howard

145 Presidential Blvd.

Paterson, NJ 07522

In reply refer to:<br>SS # 423–52–7117<br>Date of Claim: 6/6/78 12/5/78

Dear Madame:

We have been notified that the Board of Review decision of 5/24/79 , held you liable to refund unemployment benefits in the amount of $3360.00 .

At this time, we will accept a lump sum settlement, or arrangements can be made for installment payments by calling George W. Vannoy, Legal Collection Unit, at (609) 292–0030 between the hours of 8:30 AM and 4:30 PM.

If we do not get a response in twenty (20) days, we will file a Certificate of Debt with the Clerk of the New Jersey Superior Court, which carries an interest rate of 8% per annum.

Make checks or money orders payable to the New Jersey Employment Security Agency, and send to the attention of George W. Vannoy, Legal Collection, Room 614.

The letter is a form letter with blanks filled in, apparently intended for indiscriminate use in "refund liable" cases.

---

On the other hand, there has been no objection to its inclusion nor has there been a motion to suppress. We find the material relevant to the issues on appeal and accordingly allow the supplement to the record on own motion. *R.* 2:5–5(b).

Thereafter claimant was discharged from another employment, applied for unemployment compensation benefits and was told "that the computer shows that I owe money and that my unemployment checks are going to pay back the money I owe."

Yet, in arguing before us that the refund issue is not properly before us, counsel for the Board bottoms that argument on the fact that "*the Director . . . has not yet considered the matter.*" (Emphasis supplied.)

We agree with the Board's position to the extent it insists the clear statutory authority for the ordering of refunds reposes solely, exclusively and personally in the Director. *N.J.S.A.* 43:21–16(d). This being so, it is improper for the Board or the Appeal Tribunal to declare liability for refunding inasmuch as that declaration—whatever its avowed purpose—is, in practical fact, an adjudication of liability which initiates the collection process. Accordingly we strike so much of the decision of the Board as declares liability for a refund and vacate any administrative action subsequent to it which was predicated upon it.

We are not insensitive to the desire of the Board to warn of the potential for refund. Appropriate notice regarding the imposition of a refund order is a matter of due process. "[T]he person assessed, fined or penalized [must be] afforded the opportunity, after due notice, to present all available defenses to a competent tribunal before the penalty or fine is collected or the command of the State to pay becomes inevitable." *Malady v. Board of Review,* 166 *N.J.Super.* 523, 530 (App.Div.1979). If the sole and exclusive power to order or excuse refunds resides exclusively in the Director, as the Board argues and as we agree, the Board is not the "competent tribunal" required irrespective of whether the notice is advance notice or otherwise.

There is something counterproductive in a notice of potential liability which declares that liability. It recalls the old-time western legend of the promise to wrongdoers that they were first to receive a fair trial, then they would be hanged. We

need not suggest the various other ways in which the notice, concerning which the Board is ostensibly solicitous, can be given. It is important, however, in any case that the form selected for that advice does not initiate administrative collection procedures.

■ We also point out that procedural due process requires that before a refund may be ordered there must be a meaningful opportunity for the person charged to present "all available defenses" and arguments in support of an assertion of reasons why, even though the payments should not have been made in the first place, a refund should not be ordered. *Malady v. Board of Review, supra.* There appears to be no procedure presently ordered by the Legislature or administratively established to accommodate this procedural right. We see no reason, in view of the right of an administrative appeal from the determination of the Director to the Board of Review (*N.J.S.A.* 43:21–6(d) and (e); *Malady v. Board of Review, supra,* at 533), why a testimonial hearing before the Director need be required, although our concern is, of course, with due process minimums: the Director has every right to order such a hearing if that is thought to be desirable. The form into which the administrative appeal to the Board is to be fitted has been expressly left by the Legislature to the prescription of the Board by its rules. *N.J.S.A.* 43:21–6(f).

Finally, we observe that the ultimate determination must set forth basic findings of fact, supported by the evidence, supporting the conclusions and that determination. *Application of Howard Savings Inst.,* 32 *N.J.* 29, 52 (1960). This requirement is in order that the matter be decided on the evidence and not arbitrarily and, equally significantly, that the parties may understand and the appellate courts may properly review the action taken. *Mackler v. Camden Bd. of Ed.,* 16 *N.J.* 362, 370 (1954). The reviewing court must not be required to speculate as to the rational basis of the conclusion. *Cunningham v. Civil Service Dep't,* 69 *N.J.* 13, 26 (1975).

The decision respecting disqualification is affirmed. The determination of liability for a refund is set aside without prejudice and the statement expressing that conclusion in the decisions of the Board is exscinded. The matter is remanded to the Director of the Division of Unemployment and Temporary Disability Insurance for such further proceedings as he deems appropriate pursuant to the foregoing. We do not retain jurisdiction.