DIANA G. CASTELLUCCI, PLAINTIFF-APPELLANT, v. BOARD OF REVIEW, DIVISION OF EMPLOYMENT SECURITY, DEPART-MENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, AND XEROX CORPORATION, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued January 16, 1979—Remanded May 21, 1979—

Decided May 13, 1980.

Before Judges FRITZ, BISCHOFF and MORGAN.

*V. Richard Ferreri* argued the cause for appellant (*Moss, Thatcher, Moss & McNeill*, attorneys). *Stephen M. Latimer*, Camden Regional Legal Services, Inc., Burlington, substituted counsel; *Andre Shramenko*, of counsel, on the supplemental brief.

*Michael R. Clancy*, Deputy Attorney General, argued the cause for respondent Board of Review (*John J. Degnan*, Attorney General of New Jersey, attorney; *Michael S. Bokar*, Deputy Attorney General, of counsel and on the brief).

*John Dolan Harrington* argued the cause for respondent Xerox Corporation (*Winne, Banta, Rizzi & Harrington*, attorneys; *Donald A. Klein*, on the brief).

The opinion of the court was delivered by

FRITZ, P. J. A. D.

The factual background requiring the remand is set out in our prior opinion at 168 *N.J.Super.* 301 (App.Div.1979). There is no need to repeat it or enlarge upon it here.

On the remand a further hearing was held and testimony taken. Thereafter the Board of Review (Board) concluded that since "the notice of an Appeal Tribunal hearing, and the decision as a result of that hearing, were mailed to the branch of the

employer that had no knowledge of [appellant's] employment," "the notice given was insufficient to start the period of limitation" and the employer's appeal was timely. The facts thereby implicated might reasonably have been reached on sufficient credible evidence in the whole record and we will not disturb them. *Mayflower Securities v. Bureau of Securities*, 64 *N.J.* 85 (1973); *Parkview Village Ass'n v. Collingswood*, 62 *N.J.* 21 (1972). The determination accords with existing law as discussed at length in our prior opinion. With respect to this phase of the appeal we do not hesitate to affirm.

In its original determination the Board summarily affirmed the decision of the Appeal Tribunal which, among other things, distinctly asserted appellant's liability "to refund all benefits received in the total amount of $4056.00." Our prior opinion expressed our concern for the procedure:

> . . . [W]e recognize that the statutory power to order a refund or forego that right is one involving the exercise of administrative discretion. In those circumstances we believe that the factors which influenced that decision should be made a matter of record. Such procedure serves three conspicuous and highly desirable purposes. First, it insures that there was a conscious exercise of discretion in the particular case. Second, it tends to inspire in the public a measure of confidence in the forthright manner in which its governmental agencies function and to conquer public fear and suspicion that these decisions might be less than well considered. Third, and most importantly, it gives the reviewing court an opportunity to evaluate and understand the reasons for the administrative action against the too common general charge that the unexplained result is arbitrary. See *Smith v. E. T. L. Enterprises*, 155 *N.J.Super.* 343 (App.Div.1978); *St. Vincent's Hospital v. Finley*, 154 *N.J.Super.* 24 (App.Div. 1977). It occurs to us that these purposes are of a particularly compelling necessity in a matter in which a claimant has accomplished all procedural steps without fault on her part, becomes a victim of administrative oversight and then is compelled to repay over $4,000, probably long spent as a result of an unemployed condition.
>
> Accordingly, should the Board determine on the remand that the notice to Xerox was insufficient to cause the time for appeal to commence whereby the Xerox letter of July 27, 1976 initiated a timely appeal, then in its further determination it shall also reconsider its decision with respect to the claimant's liability for refund or partial refund and accompany this determination with some explication of the factors which conduced to the result. [168 *N.J.Super.* at 309–310.]

The Board finessed our direction to it to explain to us how the administrative agency (through the Board's affirmance of the Appeal Tribunal) arrived at its declaration of appellant's *liability* for refund, by relying on statutes investing exclusive discre-

tion *to direct recovery* in the Director (of the Division of Unemployment and Temporary Disability Insurance). It avoided the issue by restating its declaration of liability and now appending to it "if the Director in his discretion directs recovery."

Since the remand here we have dealt with the matter at length in *Howard v. Board of Review*, 173 *N.J.Super.* 196 (1980), and that determination is conclusively instructive here.

The determinations respecting the timeliness of the Xerox appeal and the disqualification of appellant are affirmed. The determination of liability for a refund is set aside without prejudice and the statement expressing that conclusion in the decision of the Board is exscinded. The matter is remanded to the Director of the Division of Unemployment and Temporary Disability Insurance for such further proceedings as he deems appropriate. We do not retain jurisdiction.