NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1865-15T1

CALEDA L. WOODS,

 Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
SDH EDUCATION EAST,
L.L.C. and ABLE MEDICAL
TRANSPORTATION, INC.,

 Respondents.
_______________________________

 Submitted April 27, 2017 - Decided June 23, 2017

 Before Judges Lihotz and Hoffman.

 On appeal from the Board of Review, Department
 of Labor, Docket No. 33362.

 Caleda L. Woods, appellant pro se.

 Christopher S. Porrino, Attorney General,
 attorney for respondent Board of Review
 (Melissa Dutton Schaffer, Assistant Attorney
 General, of counsel; Daniel Pierre, Deputy
 Attorney General, on the brief).

 Respondents SDH Education East, LLC, and Able
 Medical Transportation, Inc., have not filed
 briefs.
PER CURIAM

 Appellant Caleda Woods appeals from the October 19, 2015

final decision of the Board of Review (the Board), which determined

appellant was liable for the repayment of $21,041 in unemployment

compensation received during a period she was not eligible for

benefits because she misrepresented her employment status. The

Board also imposed fines and disqualified appellant from receiving

unemployment benefits for one year. On appeal, appellant requests

she generally be relieved of the obligation for repayment and

specifically attacks certain amounts as unfounded. Following our

review, we affirm.

 In March of 2005, appellant lost her job with Capitol

Healthcare Systems, Inc. At that time, she applied for and was

awarded unemployment benefits, which began in July 2005. Over the

next five and one half years, appellant worked at various times

for different employers, but failed to disclose, or under reported,

these earnings to the Division of Unemployment and Temporary

Disability Insurance (the Division) when renewing her request for

unemployment benefits.

 During the administrative hearing, the Division produced

records from five unemployment benefit claims appellant submitted

beginning May 5, 2005, until December 4, 2005. The Division

periodically cross-references wages reported against employer

 2 A-1865-15T1
quarterly payroll reports. Generally, appellant accurately

reported wages she received once, falsely reported she received

no wages for sixteen weeks, and underreported wages she received

over more than one-hundred weeks.1

 More specifically, in September of 2005, appellant was hired

by SDH Education East, LLC, where she worked until 2007. However,

she did not reveal her wages; instead, she notified the Division

she received "$0.00" each week. She next worked for the College

of New Jersey for nine months in 2007, and left in October of

2008, when hired by Able Medical Transportation. During this

period, despite earning ranging from $150 to as much as $491 per

week, appellant inaccurately disclosed her weekly earnings,

frequently asserting she received $30 or $40.

 On April 27, 2010, the Division discovered the discrepancy

between appellant's weekly report of wages and amounts she was

1
 During the agency hearing, Division Representative Thomas
Gardner explained the manner appellant submitted her reports to
the Division. To receive unemployment compensation, a claimant
must telephonically report his or her employment status and
earnings on a weekly basis. The reports are received through an
automated system, which prompts a claimant to verify whether they
worked and if so, to state the amount of wages received during the
prior week. The figure, "$0.00," is entered automatically, only
if a claimant reports no employment. Gardner explained, if a
claimant reports she was employed in a previous week, she must
enter a positive numerical value representing her wages because
the system will not allow a claimant to report wages received as
zero, if employed.

 3 A-1865-15T1
actually paid, as reported by her employers. After an audit of

the five unemployment claims appellant filed, the Division

concluded appellant misrepresented her wages. On October 13,

2011, the Division issued a demand for repayment of the

unemployment benefits overpaid to appellant, imposed fines, and a

one-year disqualification period barring her from receiving

unemployment benefits, ending October 13, 2011.

 An Appeal Tribunal considered appellant's challenges to the

Division's determination, during a two-day telephonic hearing.2

Appellant admitted she did not always accurately report her income,

explaining she was working part-time and "in a struggle," as the

single mother of six children, who was trying to pay bills and

meet her living expenses. However, she challenged the Division's

records, in part, asserting she only underreported earnings

received from Able Medical, and was fired from that position in

April 2010, when her driver's license was suspended after an

accident. The Division's representative, Thomas Gardner,

explained the records obtained were from appellant's employer and

the audit results.

 The Division's conclusion was affirmed by the Appeal

Tribunal. Appellant sought review by the Board, which adopted the

2
 The hearing commenced on October 20, 2014 and continued on
January 8, 2015.

 4 A-1865-15T1
findings of fact developed by the Appeals Tribunal. After noting

corrections to overpayments in specific weeks, along with a

concomitant reduction in issued fines, the Board concluded

appellant must repay improperly paid benefits totaling $21,041,

fines and penalties of $6,020.75, and imposed the one-year bar on

collection of future benefits.3

 On appeal, appellant argues because she worked part-time she

would qualify for partial unemployment benefits, therefore she

asserts the calculated overpayments should be reduced by the amount

of her entitled partial benefits. Additionally, although

acknowledging she understands her error and views this as a

"learning experience," she emphasizes her difficult financial

situation and responsibility to her six children, presumably

requesting overpayments and penalties be waived pursuant to

N.J.A.C. 12:17-14.2(a). Finally, she reasserts the Division's

3
 The Division determined appellant received the following
overpayments: (1) $1,204 for the weeks ending in May 14, 2005
through May 28, 2005 and June 11, 2005 through July 2, 2005; (2)
$1,014 for the weeks ending in September 2, 2006 through October
7, 2006; (3) $6,074 for the weeks ending in October 4, 2008 through
October 18, 2008, November 1, 2008 through January 17, 2009,
February 28, 2009 through April 25, 2009 and February 13, 2010
through April 17, 2010; (4) $7,297 for the weeks ending in May 2,
2009 through February 6, 2010; and (5) $5,452 for the weeks ending
in May 1, 2010 through December 4, 2010, for a total amount of
$21,041.

 5 A-1865-15T1
totals are inaccurate because she was unemployed between May and

December 2010.

 Our review of administrative agency decisions is limited.

Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). "[I]n reviewing

the factual findings made in an unemployment compensation

proceeding, the test is not whether [we] would come to the same

conclusion if the original determination was [ours] to make, but

rather whether the factfinder could reasonably so conclude upon

the proofs." Ibid. "If the Board's factual findings are supported

'by sufficient credible evidence, [we] are obliged to accept

them.'" Ibid. (quoting Self v. Bd. of Review, 91 N.J. 453, 459

(1982)). We also give due regard to an agency's credibility

determinations. Logan v. Bd. of Review, 299 N.J. Super. 346, 348

(App. Div. 1997). Reversal is warranted only when we conclude the

agency's action was arbitrary, capricious, or unreasonable.

Brady, supra, 152 N.J. at 210.

 In enacting the Unemployment Compensation Law, the

Legislature purposefully "require[d] the full repayment of

unemployment benefits received by an individual who, for any

reason, regardless of good faith, was not entitled to those

benefits." Bannan v. Bd. of Review, 299 N.J. Super. 671, 674

(App. Div. 1997). The Division's efforts to seek refund of

 6 A-1865-15T1
unemployment benefits inappropriately paid is authorized by

N.J.S.A. 43:21-16(d), which provides in pertinent part:

 When it is determined . . . that any person,
 whether (i) by reason of the nondisclosure or
 misrepresentation by him or by another of a
 material fact (whether or not such
 nondisclosure or misrepresentation was known
 or fraudulent), or (ii) for any other reason,
 has received any sum as benefits under this
 chapter . . . while any conditions for the
 receipt of benefits imposed by this chapter
 . . . were not fulfilled in his case, or while
 he was disqualified from receiving benefits,
 or while otherwise not entitled to receive
 such sum as benefits, such person, unless the
 director (with the concurrence of the
 controller) directs otherwise by regulation,
 shall be liable to repay those benefits in
 full.

 Appellant asks the amount of repayment be reduced because she

was working part-time and caring for her family. This argument

has been reviewed and rejected by the New Jersey Supreme Court in

Malady v. Bd. of Review, 76 N.J. 527 (1978). The Court faced

similar facts and held although the claimant might have been

eligible for partial unemployment benefits, pursuant to N.J.S.A.

43:21-3(b), had he truthfully and accurately reported his

earnings; the claimant remained liable to refund the full amount

of benefits received because the plain language of N.J.S.A. 43:21-

16(d) provides a claimant can be made obligated to pay the "amount

so received." Id. at 531.

 7 A-1865-15T1
 Thus, we believe that subsection [N.J.S.A.
 43:21-16](d), which is found in a provision
 entitled "Penalties", is intended by the
 Legislature to give the director the
 discretion to impose an additional penalty
 where the claimant purposely fails to make an
 accurate or truthful report of his income.
 That the other subsections of N.J.S.A. 43:21-
 16 also provide separately for some penalty,
 rather than indicating the contrary, is in
 fact strong evidence of subsection (d)'s own
 "penalty" potential.

 [Ibid.]

 The Court affirmed this court's opinion, which emphasized

"[t]he statutory provisions . . . make it clear that an unemployed

individual is eligible to receive benefits for any week only if

he [or she] has satisfied the reporting requirements prescribed

by the Division, one of which is that he accurately report all

wages earned during the period involved." Malady v. Bd. of Review,

159 N.J. Super. 530, 532 (App. Div. 1977), aff'd in part, rev'd

and remanded on other grounds, 76 N.J. at 531.

 We construe appellant's arguments also to suggest repayment

should be waived. The Director may waive the recovery of benefits

under limited circumstances, which include (1) "[w]here the

claimant is deceased;" (2) "[w]here the claimant is disabled and

no longer able to work;" and (3) when recovery "would be patently

contrary to the principles of equity." N.J.A.C. 12:17-14.2(a)(1),

(2), (3). However, any grant of waiver is initially circumscribed

 8 A-1865-15T1
by a condition that claimant has not "misrepresented or withheld

any material fact in obtaining benefits." N.J.A.C. 12:17-14.2(b);

see also Mullarney v. Bd. of Review, 343 N.J. Super. 401, 409

(App. Div. 2001). This is a prerequisite appellant is unlikely

to satisfy.

 Here, a formal request for waiver has not been presented by

appellant for the Director's review, despite the Director's

exclusive authority in this area. N.J.S.A. 43:21-16(d)(1);

N.J.A.C. 12:17-14.2(a); see also Howard v. Bd. of Review, 173 N.J.

Super. 196, 202 (App. Div. 1980). Absent exhaustion of available

administrative relief, this court may not act. See R. 2:2-3(a)(2)

(stating an appellate court cannot review an agency decision until

it has become final).

 Finally, appellant's factual challenges to the periods of

earnings or the amount of wages underreported is a not supported

and belied by the Division's documentation. We conclude the

argument lacks merit. R. 2:11-3(e)(1)(E).

 The Legislature has clearly stated its intent for overpaid

unemployment benefits to be repaid in full. N.J.S.A. 43:21-

16(d)(1).4 In this matter, the Board's decision aligns with its

4
 Importantly, 42 U.S.C.A. § 503(a)(9) requires states to
recoup unemployment funds erroneously distributed, as a necessity
to maintain the proper and efficient administration of the

 9 A-1865-15T1
duty "to preserve the [unemployment insurance trust] fund against

claims by those not intended to share in its benefits," and it is

in fulfillment of that duty reimbursement must be ordered. Brady,

supra, 152 N.J. at 212 (quoting Yardville Supply Co. v. Bd. of

Review, 114 N.J. 371, 374 (1989)). "The Board of Review is charged

with the responsibility to serve not only the interest of the

individual unemployed, but also the interests of the general

public." Bannan, supra, 299 N.J. Super. at 674.

 Affirmed.

unemployment compensation laws. Bannan, supra, 299 N.J. Super.
at 675.

 10 A-1865-15T1