**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3110-18

K.H.,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and DENNIS TOWNSHIP
BOARD OF EDUCATION,

     Respondents.

_____

Submitted January 5, 2021 – Decided April 22, 2021

Before Judges Fisher and Gilson.

On appeal from the Board of Review, Department of Labor, Docket No. 33,642.

K.H., appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review, Department of Labor (Sookie Bae, Assistant Attorney General, of counsel; Alexis F. Fedorchak, Deputy Attorney General, on the brief).

Cooper Levenson, PA, attorneys for respondent Dennis Township Board of Education (Kasi M. Gifford, on the brief).

PER CURIAM

Appellant K.H. appeals from a January 14, 2019 final agency decision by the Board of Review (Board), which determined that she was ineligible for unemployment benefits for certain periods of time because she was ill and not available for work.[1] The Board also determined that appellant must reimburse $4,716 in benefits she received when she was ineligible. While this appeal was pending, the Board advised us that K.H. had died and the issue of repayment "is moot." The Board also clarified it would not seek repayment of the $4,716 from K.H.'s estate, heirs, or assigns. Both the Board and K.H.'s husband, who is representing K.H. on this appeal, requested us to decide whether the Board had properly ruled that K.H. was not eligible for benefits beyond the refund period. Because the Board's factual findings are supported by substantial evidence and its determinations are not an abuse of its discretion, we affirm its decision denying unemployment benefits to K.H.

---

[1] The Board's decision depends on a discussion of appellant's medical issues. Accordingly, we use initials to protect her privacy interests.

I.

Appellant worked for a municipal board of education (Employer) for approximately twenty years, from 1992 to 2012. She was initially hired as a bus driver and later promoted to the position of transportation coordinator.

In 2012, the Employer informed appellant that her employment as transportation coordinator would not continue beyond June 30, 2012. Instead, the Employer offered appellant employment as a bus driver beginning on July 1, 2012. The record does not reflect whether appellant formally accepted employment as a bus driver. The record does establish that appellant never worked as a bus driver for the Employer in 2012. Instead, in June 2012, she called out sick and from July 2012 to early November 2012 she took medical leave. On November 5, 2012, appellant submitted a letter of resignation to her Employer.

On July 1, 2012, appellant filed a claim for unemployment benefits. She received benefits for various weeks in 2012 and 2013.

In 2014, the assistant commissioner for the Division of Unemployment Insurance requested a refund of $3,493 for benefits appellant received in 2013. Appellant objected and between 2016 and 2018, a series of hearings were held

before the Appeal Tribunal. There were also several appeals to the Board and remands to the Tribunal for further hearings.

Eventually, the Appeal Tribunal conducted hearings in 2018 and issued its decision on November 9, 2018. By 2018, appellant was unable to testify because she was suffering from dementia. Consequently, appellant's husband, who was appointed as her attorney-in-fact, testified on her behalf. The husband testified that appellant was not able to work in the second half of 2012 because of medical issues. Therefore, appellant called in sick and took medical leave. The husband also testified that appellant was able to work after May 2013. Finally, the husband testified that sometime after 2013, appellant was again unable to work due to her mental conditions and he submitted a note from a doctor that stated appellant was not able to work since November 2016.

Based on that testimony, the Appeal Tribunal found appellant was ineligible for unemployment benefits from July 1, 2012 through May 4, 2013, because she was unable to work. See N.J.S.A. 43:21-4(c)(1) and N.J.S.A. 43:21-19(q). Consequently, the Tribunal held that appellant had to refund $4,716 for benefits she received for the weeks of July 7, 2012 through September 1, 2012.

The Tribunal also found that appellant was available for work from May 2013 through August 2013, and she was therefore eligible for unemployment

4

benefits during that time. Accordingly, the Tribunal held that appellant did not have to refund $3,493 she received in benefits for the weeks of June 8, 2013 through August 17, 2013.[2]

Appellant appealed to the Board. In a final decision issued on January 14, 2019, the Board affirmed the November 9, 2018 decision of the Appeal Tribunal, noting one date correction.

## II.

Appellant, through her husband, appeals from the Board's decision. She makes two arguments, contending that the Board (1) failed to consider certain evidence in finding that she was unable to work from July 2012 through May 2013; and (2) erred in determining that one of her arguments was self-serving. Given our limited standard of review, we are not persuaded by either of these arguments and affirm.

To be eligible for unemployment benefits, the claimant must establish that she was (1) able to work, (2) available for work, and (3) actively seeking work for the period she applied for benefits. N.J.S.A. 43:21-4(c)(1); Ford v. Bd. of

---

[2] None of the parties explain whether the benefits received in 2013 relate to appellant's employment with the Employer. The record also does not clarify that issue. Nevertheless, no party challenges that portion of the decision, which was adopted by the Board.

Rev., 287 N.J. Super. 281, 284 (App. Div. 1996).  The record establishes that appellant was not able to work nor did she seek work during the second half of 2012.  Instead, there is evidence in the record that she called out sick and took medical leave.

While appellant disputes the Board's factual findings, our review is limited to consideration of whether there was sufficient credible evidence to support those findings.  Brady v. Bd. of Rev., 152 N.J. 197, 210 (1997) (quoting Self v. Bd. of Rev., 91 N.J. 453, 459 (1982)).  Because there is sufficient credible evidence in the record to support the Board's factual findings, we are obligated to accept them.  Ibid.

Appellant received unemployment benefits during a time when she was not able to work and was therefore ineligible for those benefits.  Accordingly, the Director of the Division of Unemployment and Disability Insurance had the authority to seek a refund of those benefits.  Howard v. Bd. of Rev., 173 N.J. Super. 196, 202 (App. Div. 1980); see also Bannan v. Bd. of Rev., 299 N.J. Super. 671, 674 (App. Div. 1997) (citing Fischer v. Bd. of Rev., 123 N.J. Super. 263, 266 (App. Div. 1973)) ("N.J.S.A. 43:21-16(d) requires the full repayment of unemployment benefits received by an individual who, for any reason, regardless of good faith, was not actually entitled to those benefits").

In rejecting appellant's administrative appeal, the Board found that her arguments that she was able to work were "self-serving." Appellant takes issue with that finding, but again that is simply a dispute of the Board's factual findings. The material consideration is that there were sufficient facts supporting the Board's finding that appellant was not able to work in the second half of 2012 and therefore she was not eligible for unemployment benefits during that period. We therefore find no grounds to reverse the Board's determinations.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7                                                    A-3110-18