**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-1524-18T4
               A-1644-18T4

PATRICIA WILHELM,

      Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR
and LOWE'S HOME CENTERS,
LLC,

      Respondents.

_____

Argued March 10, 2020 – Decided May 18, 2020

Before Judges Accurso and Gilson.

On appeal from the Board of Review, Department of Labor, Docket No. 148,111.

Patricia Wilhelm, appellant, argued the cause pro se.

Alexis F. Fedorchak, Deputy Attorney General, argued the cause for respondent Board of Review (Gurbir S. Grewal, Attorney General, attorney; Donna Arons, Assistant Attorney General, of counsel; Alexis F. Fedorchak, on the brief).

PER CURIAM

In these consolidated matters, claimant Patricia Wilhelm appeals from two final agency decisions issued on October 17, 2018 by the Board of Review (Board). The Board found that Wilhelm committed fraud by willfully misrepresenting her earnings during weeks when she claimed and received unemployment benefits. Consequently, the Board directed Wilhelm to refund $8787, fined her $2196.75, and disqualified her from receiving benefits for one year. Wilhelm does not dispute that she owes the refunds; instead, she challenges the finding of fraud and the imposition of the fines and a period of disqualification. In finding fraud, the Board rejected the opposite factual finding made by an Appeal Tribunal, which heard Wilhelm's testimony and found Wilhelm's explanation that she made a mistake to be credible. The Board also relied on materials that had not been considered by the Tribunal. Accordingly, we remand for a new evidentiary hearing where the fact finder can consider Wilhelm's testimony and all the materials relied on in support of the position that Wilhelm engaged in fraud.

I.

Wilhelm applied for unemployment benefits in September 2014 and October 2015. She received benefits for thirty-two weeks in 2015 and 2016.

A-1524-18T4

During that time, she received weekly benefits ranging between $79 to $335, for a total of $8787.

In 2018, the Division of Unemployment Insurance (Division) determined that Wilhelm had received her benefits as a result of false or fraudulent misrepresentations. On March 8, 2018, the Division sent Wilhelm notifications that she had to refund benefits, pay fines, and she would be disqualified from receiving benefits for one year from March 8, 2018. The notices covered two periods based on her claims submitted in September 2014 and October 2015. On her 2014 claim, Wilhelm was directed to refund $3462 and pay a fine of $865.50. On her 2015 claim, Wilhelm was directed to refund $5325 and pay a fine of $1331.25. Thus, the total refunds sought were $8787 and the total fines were $2196.75.

Wilhelm administratively appealed the Division's determinations. Initially her appeals were dismissed as untimely, but later those dismissals were reversed. Thereafter, an Appeal Tribunal conducted a hearing in July 2018. At the hearing, Wilhelm testified that her primary employer was Westat, Inc., but at various times she was laid off because her work was cyclical. Willhelm also testified that when laid off by Westat, she would work part-time for Lowe's Home Centers, LLC (Lowe's).

In connection with receiving her benefits Wilhelm was required to certify her request every week via an online questionnaire. Question six of the questionnaire asked if the claimant is receiving a pension or other retirement benefits from certain listed employers. Question seven asked if the claimant worked during the week for which she was claiming benefits, and if yes, to identify the income and hours worked. Wilhelm testified that she was confused and thought those two questions were related. Thus, when Lowe's was not listed in question six, Wilhelm did not list her earnings from Lowe's. Wilhelm also testified that when she did list her income from Lowe's, she provided an estimate of her net income.

The Appeal Tribunal found Wilhelm's testimony credible. Specifically, the Tribunal found:

> that the claimant had [not] knowingly made false statements in order to receive additional benefits. The overpayment was a result of unintentional errors rendered by the claimant during the certification process. The claimant's testimony and explanation or premise for the discrepancy between her reported earnings during certification and actual earnings was plausible and essentially buttressed by a submitted exhibit covered in the second hearing, called C-1. The [T]ribunal finds claimant's testimony in this case to be forthright, and accepts the explanation as set forth by the claimant.

In two separate written decisions, the Appeal Tribunal found that Wilhelm had not engaged in fraud in connection with submitting her claims under the September 2014 claim or October 2015 claim. The Tribunal therefore rejected the one-year disqualification penalty and the fines. The Tribunal also upheld certain weeks of refunds but found that Wilhelm was entitled to portions of other weeks. Thus, the Tribunal directed the Division to recalculate Wilhelm's refund obligation.

The Division appealed to the Board. Reviewing the written record before it, the Board rejected the findings of fact made by the Tribunal, reasoning that the Tribunal's findings "did not adequately reflect the record." The Board then determined that Wilhelm's explanation that she was confused by the questionnaire was "not credible." The Board also determined that Wilhelm's underreporting of income during certain weeks was the result of her willful misrepresentations. Wilhelm contends that in making those findings, the Board relied on materials that were not been presented to the Tribunal. Specifically, the Board looked at unemployment records the Division claimed undermined Wilhelm's credibility, which according to Wilhelm, had not been presented to the Tribunal. Thus, in two decisions, the Board ordered Wilhelm to refund

A-1524-18T4

$3462 and $5325, and pay fines of $865.50 and $1331.25. The Board also disqualified Wilhelm from receiving benefits for one year from March 8, 2018.

II.

Wilhelm appeals to us challenging only the findings of fraud. Thus, she represents that she has paid or is paying the refund of $8787, and she is not seeking to lower the refund. Instead, she maintains that the Tribunal correctly found that she did not knowingly make false statements or willfully provide false information. She also argues that the Board considered materials that were not presented during the hearing before the Tribunal.

Our role in reviewing an administrative agency decision involving unemployment benefits is generally limited. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). We defer to factual findings if reasonably based on the proofs. Ibid. Nonetheless, we will intervene when the agency's action is arbitrary, capricious, or unreasonable, or "clearly inconsistent with its statutory mission or with other State policy." Ibid. (quoting George Harms Constr. Co. v. N.J. Tpk. Auth., 137 N.J. 8, 27 (1994)). Although we give "some deference to [the agency's] interpretation of statutes and regulations within its implementing and enforcing responsibility, . . . we are in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue." Utley v.

Bd. of Review, 194 N.J. 534, 551-52 (2008) (alteration in original) (internal quotations omitted).

New Jersey's unemployment compensation law, N.J.S.A. 43:21-1 to -24.30 (Act), is primarily designed to lessen the impact of unemployment that befalls faultless workers. Brady, 152 N.J. at 212. "The public policy behind the Act is to afford protection against the hazards of economic insecurity due to involuntary unemployment." Yardville Supply Co. v. Bd. of Review, 114 N.J. 371, 374 (1989); see also N.J.S.A. 43:21-2 (declaring public interest in addressing the burden of "[i]nvoluntary unemployment"). On the other hand, "it is also important to preserve the fund against claims by those not intended to share in its benefits. The basic policy of the law is advanced as well when benefits are denied in improper cases as when they are allowed in proper cases." Yardville Supply Co., 114 N.J. at 374.

The Act provides that if an employee receives benefits not rightfully due, the benefits must be repaid, even if the employee was acting in good faith in seeking benefits. Bannan v. Bd. of Review, 299 N.J. Super. 671, 674-76 (App. Div. 1997); N.J.S.A. 43:21-16(d)(1). If, however, the employee obtains benefits fraudulently, the consequences include more than repayment. An employee may be required: (1) to refund all benefits received, including those to which the

employee was entitled, <u>Malady v. Bd. of Review</u>, 76 N.J. 527, 531 (1978) (interpreting N.J.S.A. 43:21-16(d)); (2) pay a fine equal to twenty-five percent of the amount fraudulently obtained, N.J.S.A. 43:21-16(a)(1); and (3) be disqualified from receiving benefits for one year, N.J.S.A. 43:21-5(g)(1).

The issue we must resolve is whether the facts presented satisfy the statutory prerequisites for imposing on Wilhelm the sanctions of fines and a one-year disqualification. To establish liability for a fine, the Board must prove that the employee acted knowingly in obtaining or attempting to obtain benefits or increased benefits. The provision states:

> Whoever makes a false statement or representation, knowing it to be false, or knowingly fails to disclose a material fact, to obtain or increase or attempts to obtain or increase any benefit or other payment under this chapter . . . shall be liable to a fine of 25% of the amount fraudulently obtained . . . .
>
> [N.J.S.A. 43:21-16(a)(1).]

Accordingly, there are three essential elements to impose a fine: (1) the making of a "false statement or representation" or the "failure to disclose a material fact"; (2) a knowing state of mind; and (3) the actions occur in obtaining benefits or increased benefits, or attempting to do so.

To subject an employee to a one-year disqualification from benefits, the statute refers to "illegal receipt" of benefits and to "false or fraudulent

8

representation[s]." The provision disqualifies an individual for benefits: "[f]or a period of one year from the date of the discovery by the division of the illegal receipt or attempted receipt of benefits contrary to the provisions of this chapter, as the result of any false or fraudulent representation . . . ." N.J.S.A. 43:21-5(g)(1). Thus, to disqualify an employee, the Board must prove: (1) illegal receipt of benefits; (2) as a result of a "false or fraudulent representation."

We interpret "fraudulent" to imply a requirement of both knowledge of a present or past fact, and an intent that the other party rely, consistent with the common law elements of fraud. See Jewish Ctr. of Sussex Cty. v. Whale, 86 N.J. 619, 624-25 (1981) ("A misrepresentation amounting to actual legal fraud consists of a material representation of a presently existing or past fact, made with knowledge of its falsity and with the intention that the other party rely thereon, resulting in reliance by that party to [its] detriment.").

Applying these statutory provisions, we conclude that the current record does not allow us to determine if the Board properly found Wilhelm had knowingly made false representations. The Tribunal heard Wilhelm's testimony and credited that testimony. Specifically, the Tribunal credited Wilhelm's explanation that she was confused by the questionnaire. Without rehearing Wilhelm's live testimony, the Board rejected that credibility finding based on its

review of the written record. In that regard, the Board looked at certain documents and noted that Lowe's would not have been listed as a base year employer in connection with Wilhelm's claims in September 2014, but would have been listed in connection with the claims based on the application in October 2015. The Board also looked at documents concerning Wilhelm's underreporting of her earnings from Lowe's and determined that her explanation was not credible and instead found that Wilhelm willfully misrepresented her earnings.

Wilhelm argues that the Board made those findings based on documents that were not originally before the Tribunal. By contrast, the Board asserts that it did not consider new materials or documents. The record on that contention is not clear. What is clear, however, is that a finding of fraud requires a determination that the information was intentionally and materially false. Accordingly, the credibility determination is critical.

The Tribunal, which heard Wilhelm's live testimony, credited that testimony. While the Board can reject or modify the Tribunal's credibility findings, its ability to do so is limited. See N.J.A.C 1:1-18.6(c). Moreover, the Board must clearly state the basis for that rejection, and it must cite specific evidence supporting its alternative finding. See N.J.A.C. 1:1-18.6(b); N.J.S.A.

1:12-18.2. The documents cited by the Board in rejecting the Tribunal's credibility findings were insufficient on their own to establish that Wilhelm engaged in fraud or made willful misrepresentations. See Clowes v. Terminix Intern., Inc., 109 N.J. 575, 587-88 (1988) (explaining that we owe no deference to an agency that rejects a fact-finder's credibility finding based on the agency's review of a written record). Instead, in fairness, those documents should be considered by the same fact finder who hears Wilhelm's testimony so her credibility can be assessed on a complete record. Accordingly, we remand these matters to the Board for further proceedings. The Board may conduct a new hearing, allowing Wilhelm to testify and respond to the documents that the Division relies on to demonstrate fraud. Alternatively, the Board can send the matters to an Appeal Tribunal for a new hearing.

In summary, we affirm the Board's decisions only to the extent they require Wilhelm to pay the refunds of $3462 and $5325. On remand a new hearing will be conducted concerning the requirements that Wilhelm pay fines and be disqualified from receiving benefits for one year.

Affirmed in part and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-1524-18T4